Argued and submitted January 27, reversed and remanded September 2, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JADEN NORA JUSTICE,
*Defendant-Appellant.*

Coos County Circuit Court
13CR0278; A154685

361 P3d 39

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jamie Contreras, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Tiffany Keast, Assistant Attorney General.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

TOOKEY, J.

**TOOKEY, J.**

This case requires us to determine whether the trial court abused its discretion by rejecting defendant's guilty plea resulting from a plea agreement that involved reducing a misdemeanor charge to a violation, based solely on the court's policy of not permitting defendants charged with misdemeanors to plead guilty to violations. For the reasons that follow, we conclude that the trial court abused its discretion by rejecting defendant's plea solely on that basis. Accordingly, we reverse and remand.

Defendant stole $26.51 worth of merchandise from Walmart in Coos Bay. When confronted by store security personnel, defendant admitted the theft and returned the items. The responding officer noted that defendant "appeared to be very remorseful for [her] actions." Defendant was subsequently charged with theft in the third degree, ORS 164.043, a Class C misdemeanor.

At a hearing in May 2013, defense counsel explained to the trial court that defendant wished to plead guilty to a lesser charge, pursuant to a plea agreement, and the following colloquy took place:

"[DEFENSE COUNSEL]: The negotiation with [the prosecutor] is that she plead guilty to the lesser-included offense of Attempted Theft Third.

"THE COURT: What does that make it?

"[DEFENSE COUNSEL]: It makes it a violation.

"THE COURT: * * * [W]e're not doing that over here. I'm not—we're not taking pleas to violations in this Court. So,—and that was made clear in a letter.[1]

"So, she either pleads guilty as charged, or we go to Trial, or you dismiss it.

"[PROSECUTOR]: We're not going to dismiss it, so—

---

[1] After the parties argued this case to this court, the state informed us in a letter that, according to the Coos County District Attorney, "although the [trial] court has adopted a no-plea policy for violations, that policy is not memorialized in any letter or other document, despite the trial court's comments in this case."

"[DEFENSE COUNSEL]: (Interposing) I beg your pardon?

"[PROSECUTOR]: We're not going to dismiss it.

"[DEFENSE COUNSEL]: Uh huh.

"THE COURT: Does she have a record?

"[DEFENSE COUNSEL]: None at all. None, whatsoever.

"THE COURT: Well, I've been generally fining people, * * *—that's generally what I've done in these cases. But, we're not taking violations over here.

"[PROSECUTOR]: Your Honor, I believe this negotiation was before * * * the letter from the Bench.

"THE COURT: Well, except I never said I'd take a violation anyway. And that was probably pretty clear because we've never done violations over here.

"So, * * * I'm not taking it. So, * * * she can either plead guilty to the Theft, or you can dismiss it, or we can set a Trial date. * * *

"The other two I took were—they had to be violations under the law. I mean, I took two of these because the State couldn't have charged it any other way. But, these are different.

"* * * * *

"[DEFENSE COUNSEL]: * * * Your Honor, let's set this matter for Trial."

Defendant subsequently filed a motion, asking the court to allow defendant's case to be resolved pursuant to the plea agreement that would permit defendant to plead guilty to a violation. Defendant noted that "the parties have reached this settlement of the case after discussion and negotiation, and there is no constitutional or statutory ground that would prevent this settlement." Defendant also noted that the prosecutor took "no position on this Motion" and requested "a hearing and oral argument" on the motion. The trial court denied defendant's motion without comment in a written order.

In June 2013, at a hearing before a different judge,[2] defense counsel again broached the plea agreement issue, and the following colloquy took place:

"[DEFENSE COUNSEL]: I'm assuming that the Court is not going to revisit the previous ruling made without a Hearing on—

"THE COURT: (Interposing) No, I'm not—I mean, we don't allow negotiations from criminal charges to violations. Haven't for years. And I don't intend to entertain such a motion—

"[DEFENSE COUNSEL]: (Interposing) All right.

"THE COURT: —being (not understandable).

"[DEFENSE COUNSEL]: My only question was the source of authority for that, but - - -

"THE COURT: (Interposing) I don't know. I didn't deny the original Motion.

"[DEFENSE COUNSEL]: Okay.

"THE COURT: And I'm not going to review it.

"[DEFENSE COUNSEL]: All right. I understand that. The primary reason I—

"THE COURT: (Interposing) As a matter of policy, we have never done that.

"[DEFENSE COUNSEL]: Right.

"THE COURT: And we aren't going [to] start.

"[DEFENSE COUNSEL]: Right. I understand that. I—the primary reason I filed a written Motion was to find out what the basis of authority was for that. So, I guess we'll have to find out some other time.

"THE COURT: Which was denied by somebody other than me.

"[DEFENSE COUNSEL]: Right. I understand.

"THE COURT: Okay? Great."

---

[2] The trial judge who presided over the May hearing and denied defendant's motion in a written order was Judge Richard L. Barron. The trial judge who presided over the June hearing and signed defendant's judgment of conviction was Judge Michael J. Gillespie.

The court then conducted a bench trial and, based on stipulated facts, found defendant guilty of third-degree theft.

Defendant now appeals the resulting judgment of conviction, challenging the trial court's refusal to allow her to plead guilty to attempted third-degree theft, a violation, as a matter of policy. On appeal, both parties note that a trial court's discretion to accept or reject a plea resulting from a plea agreement derives from ORS 135.432. *See State v. Armstrong*, 44 Or App 219, 223, 605 P2d 736, *rev den*, 289 Or 45 (1980) (citing ORS 135.432 and stating that "the trial court is granted discretion to accept or reject a plea agreement"). ORS 135.432(4) provides:

"When a plea of guilty or no contest is tendered or received as a result of a prior plea agreement, the trial judge shall give the agreement due consideration, but notwithstanding its existence, the trial judge is not bound by it, and may reach an independent decision on whether to grant sentence concessions under the criteria set forth in ORS 135.415."

ORS 135.415, in turn, provides:

"In determining whether to engage in plea discussions for the purpose of reaching a plea agreement, the district attorney may take into account, but is not limited to, any of the following considerations:

"(1)  The defendant by the plea of the defendant has aided in insuring the prompt and certain applications of correctional measures to the defendant.

"(2)  The defendant has acknowledged guilt and shown a willingness to assume responsibility for the conduct of the defendant.

"(3)  The concessions made by the state will make possible alternative correctional measures which are better adapted to achieving rehabilitative, protective, deterrent or other purposes of correctional treatment, or will prevent undue harm to the defendant from the form of conviction.

"(4)  The defendant has made public trial unnecessary when there are good reasons for not having the case dealt with in a public trial.

"(5) The defendant has given or offered cooperation when the cooperation has resulted or may result in the successful prosecution of other offenders engaged in equally serious or more serious criminal conduct.

"(6) The defendant by the plea of the defendant has aided in avoiding delay in the disposition of other cases and thereby has increased the probability of prompt and certain application of correctional measures to other offenders."

Defendant asserts that "[t]he trial court erred in refusing to allow defendant to plead guilty to attempted theft in the third degree." More specifically, defendant argues that "[t]he trial court abused its discretion when it refused to allow defendant to plead guilty to a violation[,] based solely on its policy of not permitting criminal defendants to plead guilty to violations." First, based on the second clause of ORS 135.432(4), defendant argues that a trial judge cannot properly exercise discretion without giving a plea agreement "due consideration." Second, based on the fifth clause of ORS 135.432(4), defendant argues that a trial judge "must decide whether to follow the agreement based upon the criteria set forth in ORS 135.415." Thus, defendant argues that the trial court abused its discretion in this case when it rejected her guilty plea without giving "due consideration" to the terms of her particular plea agreement and without considering the case-specific factors set forth in ORS 135.415.

In response, the state appears to argue that a court may satisfy its obligation to "give the agreement due consideration" by making a categorical determination that it will not accept pleas resulting from a certain class of agreements, such as it did in this case.[3] Indeed, during oral argument, the state suggested that it would not be improper for a court to categorically refuse to accept *any* pleas resulting from plea agreements, as a matter of policy. The state further responds that a court is not required to consider the factors set forth in ORS 135.415 before rejecting a guilty

---

[3] Specifically, during oral argument, the state argued:

"It may be that the court should have to give due consideration to agreements, [but] whether due consideration requires a case by case analysis, I don't know. There's nothing that prohibits the court from doing what it did here, in making a categorical determination, that in this kind of case, we're just not going to do that. I don't know why that's not due consideration."

or no-contest plea, because, according to the state, ORS 135.432(4) applies only to consideration of the sentencing portion of the agreement.

"Since 1973, an Oregon prosecutor's authority to enter into plea negotiations and plea agreements has been formally organized and controlled by statute." *State v. Heisser*, 350 Or 12, 22, 249 P3d 113 (2011) (internal quotation marks and brackets omitted). As the Oregon Supreme Court explained in *Heisser*:

> "As part of a plea agreement, the prosecutor may give concessions to the defendant in exchange for a plea of guilty or no contest. ORS 135.405(3). Those concessions can include, among others, agreeing to seek dismissal of other charges if a defendant pleads guilty to a charged offense; *agreeing to seek dismissal of the charged offense if defendant pleads guilty to another reasonably related offense*; and agreeing to make favorable recommendations on sentencing."

*Id.* (footnote omitted; emphasis added); *see also* ORS 135.405(3) (providing a nonexclusive list of concessions that the prosecutor may agree to). The record indicates that the concession offered by the prosecutor in this case was the second type of concession described by the court in *Heisser*—that is, the prosecutor agreed to seek dismissal of the charge of third-degree theft in exchange for defendant's agreement to plead guilty to the reasonably related offense of attempted third-degree theft.

The statutory scheme governing plea agreements contemplates not only different types of concessions, but also "different kinds of agreements." *Id.* As the Oregon Supreme Court explained in *Heisser*,

> "Under certain plea agreements the trial judge must give the plea agreement 'due consideration,' but is not bound by the agreement as to sentencing and may make an independent determination as to the appropriate sentence to be imposed. ORS 135.432(4). However, in other plea agreements approved by the trial court, the court is required to 'impose sentence as provided in the agreed disposition recommendation' provided for in the plea agreement. ORS 135.390(4)(a). In that kind of agreement, should the judge conclude that the sentencing concessions in a plea agreement are inappropriate, 'the [judge] shall so advise the

parties and allow the defendant an opportunity to withdraw the plea.' ORS 135.390(4)(b); *see also* ORS 135.432(3) (to the same effect when the trial judge has been informed of the nature of the agreement prior to the plea being tendered and originally concurred in the outcome)."

*Id.* at 22-23 (brackets in original). As the parties note, the issue in this case is governed by ORS 135.432(4).

Thus, as set forth above, the issue that we must resolve is whether the trial court abused its discretion by rejecting defendant's guilty plea resulting from a plea agreement that involved reducing a misdemeanor charge to a violation, based solely on the court's policy of not permitting defendants charged with misdemeanors to plead guilty to violations. To resolve that issue, we must interpret ORS 135.432(4). When interpreting a statute, our goal is to discern legislative intent by considering the text and context, and, where helpful, the legislative history of the statute. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009).

We begin with the statutory text. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (stating that "the text of the statutory provision itself is the starting point for interpretation and is the best evidence of the legislature's intent"). As noted, ORS 135.432(4) provides:

"When a plea of guilty or no contest is tendered or received as a result of a prior plea agreement, the trial judge shall give the agreement due consideration, but notwithstanding its existence, the trial judge is not bound by it, and may reach an independent decision on whether to grant sentence concessions under the criteria set forth in ORS 135.415."

We first address defendant's argument based on the second clause of ORS 135.432(4), which provides that "the trial judge shall give the agreement due consideration." We note that "the agreement" referred to in the second clause refers back to the "prior plea agreement" referenced in the first clause. We also note that "the agreement" referred to in the second clause is the indirect object of the phrase "due consideration." Accordingly, it is "the agreement" between the parties, resulting in the guilty or no contest plea, that must receive "due consideration."

We further note that the second clause employs the term "shall" rather than the term "may." Generally, "the word 'shall' implies that the legislature intended to create an obligation; in contrast, 'may' generally implies that the legislature intended to create only the authority to act." *Doyle v. City of Medford*, 347 Or 564, 570-71, 227 P3d 683 (2010). As the Oregon Supreme Court has explained, there can be "situations in which the context demonstrates that, although the legislature used the word 'shall,' it intended to create a permissive statute[,]" *id.* at 571, but "whatever the possibility for confusion or ambiguity that might exist when either word appears alone in a statute, regulation, or other directive, when both words appear side by side in the same section of a document, our normal interpretive principles dictate that we presume that different meanings are intended[,]" *Friends of Columbia Gorge v. Columbia River (S055915)*, 346 Or 415, 426-27, 212 P3d 1243 (2009). Thus, the plain text of the statute indicates that a trial judge is *obligated* to give a plea agreement "due consideration."

The phrase "due consideration" is not statutorily defined, so we turn to dictionary definitions to assist us in determining its meaning. *See Gaines*, 346 Or at 175 (using dictionary definitions to discern the plain, natural, and ordinary meaning of terms); *State v. Dickerson*, 356 Or 822, 829, 345 P3d 447 (2015) (when defining legal terms, "we give those terms their established legal meanings, consulting legal dictionaries as an aid in determining those meanings"). As relevant to this case, the plain meaning of the term "consideration" may be defined as "continuous and careful thought"; "thoughtful regard"; "a result of reflecting or pondering"; or "the act of regarding or weighing carefully." *Webster's Third New Int'l Dictionary* 484 (unabridged ed 2002). The plain meaning of the term "due" may be defined as something that is "requisite or appropriate in accordance with accepted notions of what is right, reasonable, fitting, or necessary." *Id.* at 699. In addition, as a legal term, the phrase "due consideration" is defined as "[t]he degree of attention properly paid to something, as the circumstances merit." *Black's Law Dictionary* 574 (9th ed 2009). Those definitions suggest that a plea agreement

must be carefully or thoughtfully regarded with attention given to what is right, reasonable, fitting, necessary, or proper, according to the circumstances.

We now turn to the statutory context of ORS 135.432(4), which includes "other provisions of the same statute and other related statutes." *PGE*, 317 Or at 611. Defendant points to other related statutes as context to support her argument that "due consideration" means individualized consideration. Defendant notes that, before the court may accept a plea of guilty or no contest, the court must "first address[] the defendant personally and determin[e] that the defendant understands the nature of the charge[,]" ORS 135.385(1); "determin[e] that the plea is voluntary and intelligently made[,]" ORS 135.390(1); and "satisfy [itself] that there is a factual basis for the plea[,]" ORS 135.395. The state responds that those statutes govern circumstances in which a court might lack discretion to *accept* a plea, "[b]ut nothing in those or any other statutes defendant cites otherwise limits when or why a trial court can *reject* a guilty plea." (Emphasis in original.) While we agree with the state that the statutes defendant cites do not specifically limit when or why a trial court may reject a guilty plea, we nevertheless agree with defendant that the cited statutes provide context that supports our understanding that, generally, guilty pleas are to be individually considered.

Finally, we consider legislative history. The law codified as ORS 135.432(4) was enacted in 1973 by the Oregon Criminal Law Revision Commission as part of the Oregon Criminal Procedure Code Revision, and was modeled on the American Bar Association (ABA) Standards, section 3.3 (amended 1967). Or Laws 1973, ch 836, § 173; *see also* Criminal Law Revision Commission Proposed Oregon Criminal Procedure Code, Final Draft and Report § 266, 162 (Nov 1972). Although we have reviewed published commentary to both the Oregon Criminal Procedure Code Revision and the ABA Standards, and minutes from discussions within the Oregon Criminal Law Revision Commission, we have found no comments in those sources, nor have the parties pointed us to any, that specifically address whether a court may properly reject a plea resulting from

a plea agreement solely as a matter of policy or clarifies the intended meaning of the phrase "due consideration."

We briefly summarize our analysis up to this point, involving the second clause of ORS 135.432(4), which provides that "the trial judge shall give the agreement due consideration." First, it is "the agreement" between the parties, resulting in the guilty or no contest plea, that must receive "due consideration." Because the clause employs the term "shall," the text indicates that a judge is obligated to give a plea agreement "due consideration." Dictionary definitions suggest that the phrase "due consideration" means careful consideration with attention given to the degree that is right, reasonable, fitting, necessary, or proper, according to the circumstances. In addition, other related statutes suggest that individualized consideration is required for a judge to accept a plea agreement. Based on the foregoing, we conclude that the requirement in ORS 135.432(4) that the trial judge give a plea agreement "due consideration" means that the judge must consider the particular plea agreement reached between the parties before deciding whether to accept or reject the plea.

Having determined that a trial judge is obligated to consider the particular plea agreement reached between the parties, we now address defendant's second argument— that the court "must decide whether to follow the agreement based upon the criteria set forth in ORS 135.415." Thus, defendant contends, the fifth clause of ORS 135.432(4), which provides that a trial judge "may reach an independent decision on whether to grant sentence concessions under the criteria set forth in ORS 135.415," controls the trial judge's consideration of a plea agreement. As previously discussed, the term "'may' generally implies that the legislature intended to create only the authority to act." *Doyle*, 347 Or at 570-71. Because the fifth clause employs the term "may" rather than the term "shall," that clause indicates that a trial judge is authorized, but not obligated, to make an independent decision on whether to grant concessions under the criteria set forth in ORS 135.415. Setting aside the question whether the fifth clause applies to concessions other than those related to sentencing, we conclude that, because there is no statutory obligation for a trial judge to make an

independent decision on whether to grant concessions under the criteria, the court did not abuse its discretion by failing to consider the criteria.

Applying the principles derived from our analysis to the issue in this case, we conclude that the trial court abused its discretion by rejecting defendant's proffered guilty plea based solely on the court's policy of not permitting defendants charged with misdemeanors to plead guilty to violations. Although the court was not required to consider the criteria set forth in ORS 135.415, the court was required to give the agreement "due consideration," meaning that the court was required to consider the particular plea agreement reached between the parties before deciding whether to accept or reject the plea. Because the court did not do that in this case, but instead rejected defendant's plea based solely on the court's policy of not permitting defendants charged with misdemeanors to plead guilty to violations, the court failed to properly exercise its discretion.

Reversed and remanded.