PER CURIAM
*232 Defendant appeals a judgment revoking his probation. In the revocation judgment, among other things, the trial court imposed court-appointed attorney fees "in the amount of $215, less any previously court-ordered contribution" and a $25 probation violation fee. Defendant assigns error to the trial court's imposition of the attorney fees and probation violation fee. He argues that the trial court erred when it ordered him to pay those fees, because the court entered them in *250 the judgment without first announcing in defendant's presence at sentencing that it would impose those fees.
The state concedes that the trial court erred in imposing the attorney fees for the first time in the judgment. However, the state argues that the trial court did not err in imposing the $25 probation violation fee. The state argues that the court was required by statute to impose the probation violation fee, ORS 137.540(11)(a) (2015), and that, at the sentencing hearing, the court's intention to impose that fee was clear from the circumstances. At the hearing, among other things, the state had recommended that the trial court impose the $25 probation violation fee. After that recommendation, the court gave defendant an opportunity to respond, but defense counsel stated that he had nothing to add. The state argues on appeal that, although the court did not expressly say it would impose the probation violation fee, the circumstances-viz. , the court finding that defendant had violated his probation, the statute requiring the fee, the state's recommendation to impose the fee, and defendant's failure to object to the recommended fee-sufficiently indicated that the court would impose the fee. Further, the state argues that, at a minimum, defendant did not preserve his argument because he failed to object when the state recommended imposition of the fee.
We conclude that the trial court erred in imposing both the attorney fees and the probation violation fee. The trial court did not announce at sentencing that it was imposing either fee, and we conclude that an announcement of the imposition of the probation violation fee cannot be implied from the circumstances in this case. Cf.
*233 State v. White , 269 Or. App. 255, 256-57, 344 P.3d 510, rev. den. , 357 Or. 300, 353 P.3d 595 (2015) (holding that the trial court did impose fees in defendant's presence where the court stated that it would "post the other obligations that have been outlined"). Additionally, because the court did not impose the fee in defendant's presence, he was not required to object to the imposition of the fee to preserve his argument. See State v. Lewis , 236 Or. App. 49, 52, 234 P.3d 152, rev. den. , 349 Or. 172, 243 P.3d 70 (2010) (preservation not required where the objected to portions of the sentence were not announced in open court, but appeared in the judgment). Accordingly, we reverse the portion of the judgment that imposed the attorney fees and the probation violation fee. See State v. Jacobs , 200 Or. App. 665, 671, 117 P.3d 290 (2005) ("[T]he right conferred on a defendant by [ ORS 137.030(1) ] includes the right to have his sentence pronounced in open court.").
Portion of judgment requiring defendant to pay court-appointed attorney fees and a probation violation fee reversed; otherwise affirmed.