Argued and submitted July 31, 2018; portion of judgment requiring defendant to pay $100 bench probation fee vacated, remanded for resentencing, otherwise affirmed Ocrober 16, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL JESSE BACCARO,
*Defendant-Appellant.*

Lincoln County Circuit Court
16CR45715; A163392

452 P3d 1022

Defendant appeals a judgment of conviction for fourth-degree assault, ORS 163.160; harassment, ORS 166.065; disorderly conduct, ORS 166.025; and attempted criminal mischief, ORS 161.405. In a single assignment of error, defendant challenges the imposition of a $100 bench probation fee, arguing that the trial court erred by imposing the fee outside of his presence. The state responds that any such error is harmless because imposition of the fee is required by statute. *Held*: The Court of Appeals concluded that defendant's $100 bench probation fee was part of his sentence and, under ORS 137.010, the trial court had the authority to suspend execution of that portion of the sentence. Therefore, defendant had a right to advocate that the trial court use its discretionary power to suspend execution of his bench probation fee and was denied the opportunity because the imposition of the fee was done outside of his presence.

Portion of judgment requiring defendant to pay $100 bench probation fee vacated; remanded for resentencing; otherwise affirmed.

Sheryl Bachart, Judge.

Laura Eve Coffin, Deputy Public Defender, argued the cause for appellant. On the brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Vanessa Areli, Deputy Public Defender, Office of Public Defense Services.

Lauren P. Robertson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and James, Judge, and Powers, Judge.*

_____

* James, J., *vice* Garrett, J. pro tempore.

JAMES, J.

Portion of judgment requiring defendant to pay $100 bench probation fee vacated; remanded for resentencing; otherwise affirmed.

**JAMES, J.**

Defendant appeals a judgment of conviction for fourth-degree assault, ORS 163.160; harassment, ORS 166.065; disorderly conduct, ORS 166.025; and attempted criminal mischief, ORS 161.405. In a single assignment of error, defendant challenges the imposition of a $100 bench probation fee, arguing that the trial court erred by imposing the fee outside of his presence. The state responds that any such error is harmless because imposition of the fee is required by statute. We vacate the portion of the judgment requiring defendant to pay the $100 bench probation fee and remand for resentencing.

The facts are procedural and not in dispute. Defendant was convicted after a jury trial. At the sentencing hearing, at which defendant was present, the trial court imposed 60 months of bench probation but did not mention the $100 bench probation fee required by ORS 137.540(8).[1] The written judgment entered later that day included the bench probation fee.

On appeal, defendant argues that the trial court erred by imposing the fee in defendant's absence, in violation of Article I, section 11, of the Oregon Constitution and the Fourteenth Amendment to the United States Constitution. While this case was pending in this court, we decided *State v. Hillman*, 293 Or App 231, 426 P3d 249 (2018), in which we held that the trial court erred by imposing a probation violation fee pursuant to a different statute, ORS 137.540 (11)(a) (2015), in the written judgment when that fee was not announced in the defendant's presence. *Id.* at 232.

The state concedes that the principle in *Hillman* applies with equal force to a bench probation fee under ORS 137.540(8) and that the trial court consequently erred by imposing that fee in the written judgment without first announcing it in defendant's presence. The state argues, however, that the error was harmless. According to the

_____

[1] ORS 137.540 was amended and renumbered after defendant was sentenced. However, because the amendments do not affect our analysis—the provision was renumbered from ORS 137.540(7) to ORS 137.540(8)—we refer to the current provision.

state, because the fee is mandatory under ORS 137.540(8), the trial court had no discretion not to impose it, and thus any imposition of such a mandatory fee outside of defendant's presence could not result in actual harm to defendant. Defendant argues that a trial court does have statutory discretion to waive the fee or, in the alternative, authority to modify the fee for constitutional proportionality reasons pursuant to Article I, section 16, of the Oregon Constitution, and that he was therefore harmed by not having the opportunity to address the issue in court.[2]

We note at the outset that the state's argument in this case is contrary to our decision in *State v. Sankey*, 289 Or App 846, 847, 409 P3d 73 (2018). There, we accepted a state concession that imposition of a bench probation fee outside of a defendant's presence was reversible error. *Id*. The state does not cite *Sankey* to this court, nor does it explain why our acceptance of the state's concession in that case was legally incorrect. Nevertheless, because *Sankey* did involve a concession and, consequently, this court did not find it necessary to explain why such error was not harmless, we do so now.

Defendant's argument that the bench probation fee is discretionary or statutorily waivable by the trial court is not supported by the text of the statute. ORS 137.540(8) provides, in part:

> "The court may order that probation be supervised by the court. If the court orders that probation be supervised by the court, the defendant *shall* pay a fee of $100 to the court."

(Emphasis added.) Defendant argues that the word "shall," in this context, simply means that, *if* the court imposes a fee, the fee "shall" be $100. That is not what the statute says. The condition precedent in the statute is not the imposition of a fee but the order of court-supervised probation. If that condition is met, the statute requires a fee of $100. The text

---

[2] The state also argues that defendant did not preserve his argument because he did not object to the imposition of the fee. Because the error of which defendant complains appeared for the first time in the written judgment, however, defendant is excused from the preservation requirement. *See State v. Selmer*, 231 Or App 31, 35, 217 P3d 1092 (2009), *rev den*, 347 Or 608 (2010).

admits of no discretion on the part of the trial court either to waive the fee or to impose an amount other than $100. *See Doyle v. City of Medford*, 347 Or 564, 570, 227 P3d 683 (2010) ("Ordinarily, use of the word 'shall' implies that the legislature intended to create an obligation[.]"); *see also State v. Justice*, 273 Or App 457, 465, 361 P3d 39 (2015) (same); *State v. Riley*, 195 Or App 377, 383, 97 P3d 1269 (2004), *rev den*, 340 Or 673 (2006) (stating that the legislature's use of the word "shall" indicates a mandatory provision, which the court must apply).

Defendant points to a different subsection, ORS 137.540(1), which allows a court to "delete" specific probation conditions from a defendant's judgment, for the proposition that the bench probation fee is discretionary.[3] Defendant misconstrues how ORS 137.540 operates. ORS 137.540(1) enumerates general probation conditions in paragraphs (a) to (q) that apply to all probationers "unless specifically deleted by the court." The remaining subsections of ORS 137.540, in contrast, either address specific probation conditions that may apply only if certain conditions are satisfied, or deal with other aspects of probation. *See, e.g.*, ORS 137.540(2) (authorizing "special conditions of probation that are reasonably related to the crime of conviction"); ORS 137.540(3) (authorizing probation conditions for persons convicted of stalking); ORS 137.540(8) (authorizing probation conditions for persons placed on bench probation). When read in context, it is plain that the "unless specifically deleted by the court" language in subsection (1) applies only to the general conditions listed in that subsection. Therefore, the $100 bench probation fee in ORS 137.540(8) is a mandatory fee, which the court has no statutory discretion to "delete."

---

[3] Defendant also argues that ORS 423.570(6)(b) (providing that the "sentencing court may waive or reduce the amount of the fee for any person whom the court has sentenced to probation") indicates that the trial court had discretion to not impose the bench probation fee. ORS 423.570, however, governs *monthly fees* used to offset the cost of supervising probation, whereas ORS 137.540 governs numerous probation conditions. ORS 137.540(8) specifically imposes a *one-time fee* to the court. Therefore, ORS 423.570(6)(b) does not apply to ORS 137.540(8). Additionally, in a footnote in defendant's supplemental briefing, defendant points to additional statutes he believes supports a waiver of the fee, but does not fully develop arguments as to why those statutes are applicable, or controlling.

However, simply because the fee cannot be waived, and must be included in the judgment, does not end the inquiry. That is so because there is a distinction between imposing a term in a judgment and *executing* that term in the judgment.

> "Historically, probation amounted to the conditional release of a defendant after conviction but before any sentence for that crime commenced. *State v. Ludwig*, 218 Or 483, 486-87, 344 P2d 764 (1959). That was accomplished in either of two ways: First, the court could suspend the imposition of the sentence itself, so that sentencing did not occur unless the defendant violated the terms of probation. Second, the court could impose sentence, but suspend the execution of the sentence. *See State v. Stevens*, 253 Or 563, 565, 456 P2d 494 (1969) (noting ways in which trial court could impose probation); *see also generally* Arthur W. Campbell, *Law of Sentencing* § 5:1, 149 (3d ed 2004)."

*State v. Lane*, 357 Or 619, 623, 355 P3d 914 (2015). Although, as *Lane* makes clear, the historical concept of the suspension of imposition of a sentence was altered with the passage of the felony sentencing guidelines, it remains pertinent for misdemeanor sentencing, as in this case. *Id.* at 624. ORS 137.010(3) states:

> "Except when a person is convicted of a felony committed on or after November 1, 1989, if the court is of the opinion that it is in the best interests of the public as well as of the defendant, the court may suspend the imposition or execution of *any part of a sentence* for any period of not more than five years."

(Emphasis added.)

The remaining question then is whether the $100 bench probation fee is part of defendant's "sentence." Under the facts of this case, we conclude that it is. Pursuant to ORS 137.010(4), a court may suspend the imposition or execution of a misdemeanor sentence and impose a "sentence of probation." We have held that one of the general conditions of probation under ORS 137.540(1)(a) "is the required payment of a $100 bench probation supervision fee." *State v. White*, 269 Or App 255, 256-57, 344 P3d 255, *rev den*, 357 Or 300 (2015). When, as in this case, a trial court imposes

probation, and in so doing does not suspend the imposition or execution of the bench probation fee, that fee is part of the misdemeanor sentence.

Thus, regardless of whether a trial court is prohibited from deleting the $100 bench probation fee from the judgment, under ORS 137.010, it retains the authority to suspend execution of that portion of the sentence. Defendant, therefore, had a right to advocate for the court to use its discretionary power to suspend execution of his bench probation fee and was denied the opportunity because the imposition of the fee was done outside of his presence. Accordingly, we cannot conclude the error was harmless.

Portion of judgment requiring defendant to pay $100 bench probation fee vacated; remanded for resentencing; otherwise affirmed.