Submitted September 6; portion of judgment requiring defendant to pay a probation violation fee vacated, remanded for resentencing, otherwise affirmed October 30, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LUIS G. SOLIS PACHO,
aka Luis Gerardo Solis, aka Luis Solis-Pacho,
*Defendant-Appellant.*

Polk County Circuit Court
18CR03095; A168412

450 P3d 1033

Monte S. Campbell, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

PER CURIAM

Portion of judgment requiring defendant to pay a probation violation fee vacated; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

In this criminal appeal, defendant challenges the trial court's imposition of a probation-violation fee that was not announced in open court. Defendant was serving an 18-month probation sentence, and the state alleged that he had failed to report to the supervising authority. At the show-cause hearing, defendant admitted the allegations. The trial court revoked probation but did not mention the imposition of any probation fine or fee. However, in the written judgment, the court imposed a $25 "probation violation assessment." The state concedes that the court erred by imposing a $25 probation fee for the first time in the judgment. *See State v. Hillman*, 293 Or App 231, 233, 426 P3d 249 (2018) (trial court erred by imposing outside the defendant's presence $25 probation-violation fee); *State v. Zamno*, 299 Or App 270, 272, 450 P3d 57 (2019) (vacating erroneously imposed $25 probation-violation fee and remanding for resentencing). We agree and accept the state's concession.

Portion of judgment requiring defendant to pay a probation violation fee vacated; remanded for resentencing; otherwise affirmed.