Submitted January 14; portion of judgment requiring defendant to pay $255 DUII conviction fee reversed, portion of judgment requiring defendant to pay $100 bench probation fee vacated, remanded for resentencing, otherwise affirmed September 2, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CODY O. RUNYON,
aka Cody Stephen Knapp,
aka Cody Orion Runyon,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR22889; A168018

474 P3d 441

Christopher A. Ramras, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Anna Belais, Deputy Public Defender, and Stacy Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Portion of judgment requiring defendant to pay $255 DUII conviction fee reversed; portion of judgment requiring defendant to pay $100 bench probation fee vacated; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted of driving under the influence of intoxicants (DUII), ORS 813.010, and placed on probation. On appeal, he argues that the trial court erred in imposing a $255 DUII conviction fee and a $100 bench probation fee that were not pronounced in open court and seeks reversal of those fees. The state concedes that the trial court erred, but argues that the case should be remanded for resentencing because the probation fee is mandatory under ORS 137.540(8) and it is not clear from the record whether the court intended to waive the DUII conviction fee. On review of the record, we conclude that it is clear that the trial court intended to waive both of those fees. *See generally State v. Sankey*, 289 Or App 846, 409 P3d 73 (2018) (reversing $255 DUII conviction fee and $100 bench probation fee where record was clear that the court intended to waive them). However, as we held in *State v. Baccaro*, 300 Or App 131, 135, 452 P3d 1022 (2019), the trial court does not have discretion to waive the mandatory probation fee. We further explained in *Baccaro* that the trial court "retains the authority to suspend execution of that portion of the sentence," and for that reason remanded for resentencing so that the defendant had the opportunity to advocate for the trial court to use its discretionary power to suspend the execution of the probation fee. *Id.* at 137. It is appropriate to do the same here.

Portion of judgment requiring defendant to pay $255 DUII conviction fee reversed; portion of judgment requiring defendant to pay $100 bench probation fee vacated; remanded for resentencing; otherwise affirmed.