Submitted January 14; portion of judgments requiring defendant to pay probation-violation assessments vacated, remanded for resentencing, otherwise affirmed October 7, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FREDERICK LEE VIERRIA,
aka Frederick Lee Vierra,
*Defendant-Appellant.*

Klamath County Circuit Court
18CR17038, 18CR17038;
A168819 (Control), A168929

476 P3d 506

Defendant appeals probation-violation judgments, challenging the trial court's imposition of a $25 probation-violation assessment in each instance. He contends that the court erred because it did not announce its intention to impose those assessments in open court. The state concedes that the court erred but argues that the error was harmless because the fee is mandatory. *Held*: The court erred by imposing the probation-violation assessments outside defendant's presence; moreover, because defendant could have argued for arrangements related to payment of those assessments, the error was not harmless.

Portion of judgments requiring defendant to pay probation-violation assessments vacated; remanded for resentencing; otherwise affirmed.

Marci Warner Adkisson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Ingrid MacFarlane, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeVORE, P. J.

Portion of judgments requiring defendant to pay probation-violation assessments vacated; remanded for resentencing; otherwise affirmed.

**DeVORE, P. J.**

Defendant, who was on probation for several offenses, challenges the trial court's imposition of $25 probation-violation assessments in two consolidated cases on the ground that those assessments were not announced in open court. In the first case, defendant's probation was continued; in the second, it was revoked, and he was sentenced to a 56-month prison term. In each instance, the court imposed a $25 probation-violation assessment in the judgment, although the court did not announce its intention to impose those assessments in open court. We vacate those assessments and remand for resentencing to allow defendant an opportunity to present arguments for arrangements related to those assessments. Otherwise, we affirm.

The state concedes that the court erred by imposing the assessments without first announcing them in defendant's presence. *See State v. Hillman*, 293 Or App 231, 232, 426 P3d 249 (2018) (trial court erred by imposing $25 probation-violation fee outside the defendant's presence). The state contends, however, that the error is harmless because the fee is mandatory. *See* ORS 137.540(12)(a) ("If the court determines that a defendant has violated the terms of probation, the court shall collect a $25 fee from the defendant ***. The fees imposed under this subsection become part of the judgment and may be collected in the same manner as a fine."). We disagree that the error is harmless.

In *State v. Baccaro*, 300 Or App 131, 137, 452 P3d 1022 (2019), we held that a mandatory $100 bench probation fee imposed outside of the defendant's presence was not "harmless" because, if the defendant had been present, he could have asked the court to suspend execution of that portion of his misdemeanor sentence under ORS 137.010. We vacated and remanded for resentencing.

Although defendant does not contend that the court was similarly authorized to suspend execution of his probation-violation sentence, he argues that the error here was not harmless because he "could have requested several available options for reducing the burden associated with paying the fees." For example, he could have requested the court to (1) order installment payments, *see* ORS 161.675(1)

("When a defendant, as a part of a sentence * * * is required to pay a sum of money for any purpose, the court may order payment to be made immediately or within a specified period of time or in specified installments."); (2) suspend payment of the assessments, *see* ORS 18.048(2)(e) (money award portion of judgment in criminal action must include, "[i]f payment of all or part of a monetary obligation is suspended, a statement specifying the nature and amount of the suspended obligations"); or (3) waive interest on the money judgment resulting from the monetary obligation, *see* ORS 137.183(1), (2) (criminal judgments bear interest at rate provided by ORS 82.010; judge of circuit court may waive interest in a criminal action "for good cause shown"). Conversely, he argues that he could have informed the court that he wished to pay the assessments immediately, avoiding mandatory collection fees, *see* ORS 1.202(1) ("All circuit courts * * * shall add a fee of not less than $50 and not more than $200 to any judgment that includes a monetary obligation that the court or judicial branch is charged with collecting. * * * The fee shall be added only if the court gives the defendant a period of time in which to pay the obligation after the financial obligation is imposed.").

        For those reasons, we conclude that the error is not harmless, that defendant should have had the option to urge those possibilities, and that the appropriate disposition is to remand for resentencing. *See, e.g.*, *State v. Postlethwait*, 303 Or App 163, 164, 459 P3d 964, *rev den*, 366 Or 827 (2020) (vacating portion of judgment requiring defendant to pay $25 probation-violation fee and remanding for resentencing); *State v. Pacho*, 300 Or App 398, 450 P3d 1033 (2019) (same); *State v. Pickerel*, 300 Or App 392, 453 P3d 947 (2019) (same); *see also* ORS 138.257(4)(a)(B) ("The appellate court shall remand the case to the trial court * * * [i]f the appellate court determines that the trial court, in imposing or failing to impose a sentence in the case, committed an error that requires resentencing.").

        Portion of judgments requiring defendant to pay probation-violation assessments vacated; remanded for resentencing; otherwise affirmed.