Submitted February 25; portion of judgment requiring defendant to pay probation-violation fee vacated, remanded for resentencing, otherwise affirmed March 17, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JIMIKA LEE DAVIS,
aka Jimika Davis,
*Defendant-Appellant.*

Clackamas County Circuit Court
16CR09001; A171859

483 P3d 716

Ulanda L. Watkins, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Portion of judgment requiring defendant to pay probation-violation fee vacated; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment in which the trial court revoked his probation and imposed a $25 probation-violation fee. Defendant admitted the violation and does not take issue with the revocation itself. Rather, defendant argues that the trial court erred in imposing the fee in the judgment, as it was not announced in open court. The state concedes that the court erred by imposing a $25 probation-violation fee for the first time in the judgment. *See State v. Hillman*, 293 Or App 231, 233, 426 P3d 249 (2018) (trial court erred in imposing $25 probation-violation fee not announced in open court). We agree and accept the state's concession.

Defendant suggests that the proper remedy is to simply reverse the portion of the judgment imposing the fee. The state argues that the proper remedy is to remand for resentencing. As our more recent case law explains, the correct remedy here is to vacate the fee and remand for resentencing. *See State v. Vierria*, 307 Or App 46, 48, 476 P3d 506 (2020) (appropriate remedy for imposition of probation-violation fee not announced in open court is to remand for resentencing, giving the defendant the option to argue for waiver of the mandatory fee, or to make arguments concerning payment options).

Portion of judgment requiring defendant to pay probation-violation fee vacated; remanded for resentencing; otherwise affirmed.