Submitted November 10; portion of judgment requiring defendant to pay probation-violation fee vacated, remanded for resentencing, otherwise affirmed December 8, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAYMOND DARVEN PEDEN III,
aka Ray Peden, aka Raymond Peden,
aka Raymond Darven Peden,
*Defendant-Appellant.*

Klamath County Circuit Court
20CR07613, 20CR19852;
A173999 (Control), A174000

501 P3d 101

Dan Bunch, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Weston Koyama, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Portion of judgment requiring defendant to pay probation-violation fee vacated; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment revoking his probation on a conviction for delivery of methamphetamine, ORS 475.890. He argues that the court erred in imposing a $25 probation-violation fee in the judgment, because it was not announced in open court. The state concedes that the court erred by imposing a $25 probation-violation fee for the first time in the judgment. *See State v. Hillman*, 293 Or App 231, 233, 426 P3d 249 (2018) (trial court erred in imposing $25 probation-violation fee not announced in open court). We agree and accept the state's concession.

Defendant argues that under *Hillman*, the proper remedy is to simply reverse the portion of the judgment imposing the fee. The state argues that the proper remedy is to remand for resentencing. We agree with the state. The correct remedy here is to vacate the fee and remand for resentencing. *See State v. Vierria*, 307 Or App 46, 48, 476 P3d 506 (2020) (explaining that the appropriate remedy for imposition of probation-violation fee not announced in open court is to remand for resentencing in order to give the defendant the option to argue for waiver of the mandatory fee or to make arguments concerning payment options).

Portion of judgment requiring defendant to pay probation-violation fee vacated; remanded for resentencing; otherwise affirmed.