Submitted October 4; in Case No. 19CR79427, affirmed; in Case No. 18CR68779, portion of judgment requiring defendant to pay probation-violation fee vacated, remanded for resentencing, otherwise affirmed December 29, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOWD STEVEN JACKSON,
*Defendant-Appellant.*

Klamath County Circuit Court
18CR68779, 19CR79427;
A173613 (Control), A173614

501 P3d 104

Roxanne B. Osborne, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General, and Weston Koyama, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

In Case No. 19CR79427, affirmed. In Case No. 18CR68779, portion of judgment requiring defendant to pay probation-violation fee vacated; remanded for resentencing; otherwise affirmed.

## PER CURIAM

In these consolidated cases, one of which involves revocation of defendant's probation, defendant contends that the court erred in imposing a $25 probation-violation fee. In Case No. 18CR68779, defendant was on probation for felon in possession of a firearm, ORS 166.270.[1] After finding defendant in violation, the trial court revoked probation, imposed a sentence of 30 months' imprisonment, and imposed a $25 probation-violation fee. On appeal, defendant challenges the imposition of the fee because it was not announced in open court at sentencing. *See generally State v. Hillman*, 293 Or App 231, 233, 426 P3d 249 (2018) (court erred in imposing probation-violation fee not announced in open court).

The state concedes the error. We agree and accept the state's concession. *See, e.g.*, *State v. Rion*, 311 Or App 222, 486 P3d 68 (2021) (accepting similar concession). Defendant makes several arguments that the proper remedy in this case is to simply reverse the fee without remanding for resentencing; we reject those arguments without discussion. The proper remedy in this circumstance is to vacate the fee and remand for resentencing. *See State v. Vierria*, 307 Or App 46, 48, 476 P3d 506 (2020) (noting that remedy in this circumstance is to remand for resentencing to give the defendant the opportunity to argue for suspension of the fee or to make arguments concerning payment arrangements).

In Case No. 19CR79427, affirmed. In Case No. 18CR68779, portion of judgment requiring defendant to pay probation-violation fee vacated; remanded for resentencing; otherwise affirmed.

---

[1] Defendant makes no assignment of error concerning the other consolidated case, Case No. 19CR79427.