Submitted April 29; portion of judgment denying AIP programming under ORS 421.508(4) vacated, remanded for resentencing, otherwise affirmed June 2; petition for review denied November 3, 2022 (370 Or 455)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GLEEN NEDELIC,
*Defendant-Appellant.*

Marion County Circuit Court
18CR60066; A172433

511 P3d 1136

Courtland Geyer, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

PER CURIAM

Portion of judgment denying AIP programming under ORS 421.508(4) vacated; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction and sentence for attempted murder, ORS 161.405 and ORS 163.115 (Count 1), assault in the first degree, ORS 163.185 (Count 2), and unlawful use of a weapon, ORS 166.220 (Count 3), raising five assignments of error. We reject without discussion the first through the fourth assignments and write only to address his fifth. There, defendant argues that the trial court erred in stating in the judgment of conviction that defendant was not eligible for alternative incarceration programs (AIP) after the court announced during the sentencing hearing that defendant would be eligible for those programs. The state concedes the error, and that concession is well-taken.

The sentencing court stated at sentencing that it intended to make defendant eligible for alternate incarceration programs after he served the first 90 months of his sentence on Count 2 and did not express an intent to make defendant ineligible for release on post-prison supervision upon successful completion of such a program. However, the court provided in the judgment that defendant "may be eligible for all programming after 90 months," but also stated that defendant "may not be considered for release on post-prison supervision under ORS 421.508(4) upon successful completion of an alternative incarceration program."

Either the written judgment does not accurately reflect the court's stated intent, or the term was modified outside the presence of defendant. In either case, the parties are in agreement that the appropriate remedy is to vacate that portion of defendant's sentence and remand for resentencing. *State v. Baccaro*, 300 Or App 131, 137, 452 P3d 1022 (2019) (vacating portion of criminal judgment requiring payment of bench probation fee that was not announced as part of sentence in open court and remanding for resentencing).

Portion of judgment denying AIP programming under ORS 421.508(4) vacated; remanded for resentencing; otherwise affirmed.