No. 689          December 28, 2023          805

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHNNY LEE QUALLS,
*Defendant-Appellant.*

Lane County Circuit Court
21CR05773, 20CR47513; A175874 (Control), A175875

Charles M. Zennaché, Judge.

Submitted February 27, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Portion of judgment requiring defendant to pay $25 probation-violation fee reversed; otherwise affirmed.

**POWERS, J.**

In this consolidated criminal appeal, defendant appeals from a judgment convicting him of assault in the fourth degree constituting domestic violence (ORS 163.160(3)) in Case No. 21CR05773 and a judgment following the revocation of his probation in Case No. 20CR47513. In three assignments of error, defendant challenges the denial of his motion for judgment of acquittal (MJOA), the revocation of his probation, and the imposition of a $25 probation-violation fee. In the first two assignments of error, defendant contends that the trial court erred in denying the MJOA because there was insufficient evidence of the "physical injury" element of fourth-degree assault. Relatedly, defendant argues that the trial court erred in revoking probation based on his conviction. In the third assignment of error, defendant contends that the court erred in imposing a $25 probation-violation fee because the court did not orally pronounce the fee on the record at sentencing before imposing it in the judgment. As explained below, we conclude that the record contains sufficient evidence of a physical injury. We further conclude that the court erred when it imposed the $25 probation-violation fee. Accordingly, we reverse the $25 probation-violation fee and otherwise affirm.

We begin with defendant's challenge to the denial of the MJOA. We review the denial of an MJOA by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). Because the parties are familiar with the procedural and factual background, we set out in this nonprecedential memorandum opinion only those facts necessary for our discussion of each assignment of error.

Under ORS 163.160(1)(a), fourth-degree assault requires that a defendant cause "physical injury" to another person. "Physical injury" is defined as "impairment of physical condition or substantial pain." ORS 161.015(7). At issue here is whether there was sufficient evidence of "substantial

pain." "Substantial pain" includes "the degree and the dura-
tion of pain subjectively experienced by a victim." *State v.
Long*, 286 Or App 334, 340, 399 P3d 1063 (2017). The pain
must be "ample" or "considerable" and is insufficient if it is
"fleeting or inconsequential." *Id.* at 341 (internal quotation
marks omitted); *see also State v. Colpo*, 305 Or App 690, 693-
94, 472 P3d 277, *rev den*, 367 Or 290 (2020) (evaluating "sub-
stantial pain" under a subjective standard and citing cases).
The evidence of pain need not be direct evidence; rather, non-
speculative circumstantial evidence is sufficient. *Long*, 286
Or App at 341-42. On appeal, although defendant concedes
that the pain was of a sufficient duration, he asserts that
there was insufficient evidence about the degree of pain. We
disagree with defendant's contention.

The record contains evidence that defendant and
the victim were in the middle of an argument when defen-
dant lifted the victim up, "threw [her] down on the floor,"
and started punching her in the chest and arm with a closed
fist. The victim testified that her chest was sore following
the incident and that the punches caused a bruise on her
arm that did not go away for about three weeks. The victim
told the investigating officers that she had a "slight head-
ache" and testified that there were "knots" in her arm where
defendant's punches landed and that her arm was tender
and sore. The record also includes photographs of the bruise
on the victim's arm. In addition, the victim reported the
incident to the police about 14 hours after it happened and
told the officers that the pain was about a three or four on a
scale of one-to-10, with one being no pain at all and 10 being
the worst pain.

Thus, after reviewing the record under our stan-
dard of review, we conclude that there is sufficient evidence
for a rational factfinder to conclude that the victim suffered
substantial pain. *See, e.g.*, *State v. Poole*, 175 Or App 258,
261, 28 P3d 643 (2001) (concluding that evidence that the
defendant kicked the victim with a steel-toed boot, that the
victim felt pain of three or four, that the pain was "sharp"
for about an hour, and that the victim's arm was sore and
throbbed for about 24 hours was sufficient to create a jury
question as to substantial pain); *State v. Pipkin*, 245 Or App

73, 77, 261 P3d 60 (2011), *aff'd*, 354 Or 513, 316 P3d 255 (2013) (concluding that evidence that the victim was still in pain an hour after the attack, that the victim's eye was swollen, that the victim's shoulder "popped" during the attack, and that the victim's back and elbow were hurt, was sufficient to create a jury question as to substantial pain). Accordingly, the trial court did not err in denying the MJOA and further did not err in revoking defendant's probation based on the new conviction.

Turning to the third assignment of error, defendant contends that the $25 probation-violation fee should be reversed because the fee was not orally pronounced in open court at sentencing before being imposed in the judgment. The state concedes the error, and we accept that concession. *See State v. Jackson*, 316 Or App 676, 501 P3d 104 (2021) (accepting a similar concession). Defendant further argues that the proper remedy is to reverse the fee rather than remand for resentencing because the statute providing for the fee has been repealed. *See* ORS 137.540(12)(a) (2019), *amended by* Or Laws 2021, ch 653, § 3 (repealing the subsection providing for the imposition of a $25 probation-violation fee); *see also* Or Laws 2021, ch 653, § 8 (providing that the amendments to ORS 137.540 apply to sentences imposed on or after January 1, 2022). We agree with defendant's argument. Accordingly, because the court lacks authority to impose the fee on remand, we reverse the imposition of the fee without remanding for resentencing.

Portion of judgment requiring defendant to pay $25 probation-violation fee reversed; otherwise affirmed.