No. 311          May 8, 2024          559

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. M.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

A. M.,
*Appellant.*

Clackamas County Circuit Court
23CC02262; A181365

Ulanda L. Watkins, Judge.

Submitted on March 20, 2024.

Christopher J. O'Connor and Multnomah Defenders, Inc.,
filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman,
Solicitor General, and Stacy M. Chaffin, Assistant Attorney
General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and
Jacquot, Judge.

PER CURIAM

Vacated and remanded.

## PER CURIAM

Appellant appeals a judgment of commitment under ORS 426.130(1)(a)(C) and related firearms order under ORS 426.130(1)(a)(D). In her sole assignment of error, she challenges the firearms order. The state concedes error. We vacate and remand.

Appellant's civil commitment hearing was held on April 18, 2023. The state did not request a firearms order. During its oral ruling, the trial court stated that it "didn't really hear anything about firearms" and was "not going to do the firearms order." The court initially prepared a general judgment without a firearms order. However, on April 20, 2023, the court entered an amended general judgment with a box checked to indicate that appellant "is reasonably likely to constitute a danger to self or others, therefore is subject to an *Order Prohibiting Purchase or Possession of Firearms (FQOR)*."[1] The court also entered separately an "Order Prohibiting Purchase or Possession of Firearms." Immediately below the statement in the order that appellant is prohibited from purchasing or possessing firearms and ammunition, the "Other" box is checked, and a sentence runs off the page, with the visible portion stating, "There was no mention of firearms during the hearing. [Appellant] is prohibited from the purcha [remainder cut off]."

Appellant contends that the trial court erred by entering a firearms order outside her presence after orally stating that it would not do so, thereby depriving her of the opportunity to address it. Preservation is excused under the circumstances. *See State v. Baccaro*, 300 Or App 131, 134 n 2, 452 P3d 1022 (2019) ("Because the error of which defendant complains appeared for the first time in the written judgment, *** defendant is excused from the preservation requirement.").

---

[1] The trial court file contains a signed general judgment dated April 18, 2023, on which the preprinted line "is subject to an *Order Prohibiting Purchase or Possession of Firearms (FQOR)*" is crossed out. That judgment was not entered in the register. The only judgment on the register is the "amended" judgment dated April 20, 2023, with a comment stating, "firearm restriction added." There is no indication in the record why the original judgment was not entered or why the trial court decided to enter the amended judgment instead.

The state concedes that the trial court erred "by making the firearms prohibition findings without providing appellant any notice that they were at issue or opportunity to be heard." We agree that, under the circumstances, it is appropriate to vacate the firearms order and remand for further proceedings. Appellant asks that we also direct the trial court to recall the notice sent to the Oregon State Police, but we agree with the state that it is unnecessary to give specific instructions on that point. We leave it to the trial court to take all appropriate action on remand.

Vacated and remanded.