No. 454 June 26, 2024 541

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL DIONICUS RUIZ,
*Defendant-Appellant.*

Benton County Circuit Court
17CR53039; A179911

Locke A. Williams, Judge.

Submitted May 31, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Daniel Dionicus Ruiz filed the supplemental brief *pro se*. Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin Carveth, Deputy Public Defender, Office of Public Defense Services, filed the supplemental brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Armstrong, Senior Judge.

JOYCE, P. J.

Remanded for resentencing; otherwise affirmed.

**JOYCE, P. J.**

Defendant entered a conditional plea of guilty to the misdemeanor offense of driving under the influence of intoxicants (DUII), ORS 813.010(4). The trial court sentenced defendant to 364 days in jail and ordered him to pay a fine of $2,000 and a fee of $255. On appeal, defendant argues that it was plain error for the trial court to impose the fine and fee. He also contends that the trial court erred when it denied his motion to dismiss on the ground that the state's prosecution was untimely. The state concedes that the trial court plainly erred in imposing the $255 DUII conviction fee. As explained below, we agree with and accept the state's concession regarding the fee. As a result, we need not address whether it was plain error to impose the $2,000 fine, because that issue can be addressed on remand. We also conclude that the trial court correctly denied defendant's motion to dismiss. Accordingly, we remand for resentencing and otherwise affirm.

With respect to the fee, the record indicates that the trial court believed, erroneously, that the fee was mandatory, overlooking its authority under ORS 813.030(1) to waive all or part of the fee in cases involving indigent defendants. *See State v. Colgrove*, 308 Or App 441, 444-45, 480 P3d 1026 (2021), *aff'd on other grounds*, 370 Or 474, 521 P3d 456 (2022) (remanding for resentencing under similar circumstances). In addition, the trial court stated that it would impose a fee of $225, but then it imposed a fee of $255 in the written judgment, which means that at least part of the fee was erroneously imposed. *See State v. Jackson*, 316 Or App 676, 677, 501 P3d 104 (2021) (determining that the trial court erred in imposing a probation-violation fee that was not announced in open court). We therefore remand for resentencing, at which time the trial court should address whether to exercise its discretion to waive all or part of the DUII conviction fee.

In a *pro se* supplemental brief, defendant argues that the trial court erred in denying his motion to dismiss. Defendant moved to dismiss, arguing the state did not prosecute the charge in a timely manner because it took over five years before his case was resolved. *See* ORS 135.746(1)

(a) (requiring a misdemeanor case to be brought to trial within two years). However, long periods of that delay were because defendant failed to appear on the charge; taking into account those delays, the trial court determined that his trial was commenced within the two-year period. Defendant did not object to that determination. To the extent that he challenges that now on appeal, his claim of error is unpreserved. And, having reviewed the record and the parties' arguments, we conclude that it is neither obvious nor apparent on the face of the record that the trial court erred in ruling that defendant's trial date commenced within the two-year period required by ORS 135.746(1)(a). *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (an error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences.) We therefore reject defendant's assignment of error raised in his *pro se* supplemental brief.

Remanded for resentencing; otherwise affirmed.