Submitted August 28, vacated and remanded for entry of corrected judgment;
otherwise affirmed September 23, 2009, petition for review denied
February 4, 2010 (347 Or 608)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID LEROY SELMER,
*Defendant-Appellant.*

Marion County Circuit Court
08C41709; A139606

217 P3d 1092

Peter Gartlan, Chief Defender, and Kenneth A. Kreuscher, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Michael R. Washington, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for unlawful possession of methamphetamine. ORS 475.894. He advances two assignments of error. He first argues that the court erred in entering judgment for unlawful possession of *methamphetamine*, when he was charged with, tried for, and found guilty of unlawful possession of *heroin*. He then argues that the trial court erred in denying his motion for a judgment of acquittal on the possession-of-heroin charge. We reject the latter assignment without discussion. We agree, however, that the judgment must be vacated and remanded for entry of a corrected judgment.

The relevant facts are uncontested. Defendant was charged with possession of heroin. He was tried for possession of heroin. And he was convicted of possession of heroin. Nevertheless, the judgment of conviction states that defendant was found guilty of possession of methamphetamine. Nothing in the record suggests that the trial court intended to enter a judgment of conviction for possession of methamphetamine, instead of heroin.

On appeal, defendant argues that the trial court erred in entering a judgment of conviction for an offense for which he was not charged or convicted. The state concedes that "the trial court erred by convicting defendant of possession of methamphetamine instead of possession of heroin." According to the state, "the judgment is clearly inconsistent with the record in this case." Nevertheless, the state insists that we should not correct the error because defendant's contention is unpreserved.

Defendant replies that, because nothing in the record suggested that the court was going to enter an erroneous judgment until it did so, he had no practical opportunity to object. In the alternative, defendant contends that we should review the matter as error apparent on the face of the record.

The state does not respond to defendant's first reply, as to the lack of any practical opportunity to object to the erroneous judgment before it was entered, although, at one point in its briefing, the state does suggest that we should not review defendant's assignment because he had available to

him another avenue of relief under ORS 138.083(1), which authorizes a trial court to "correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment." As for defendant's plain error argument, the state contends that the error, though obvious, is not "plain" within the meaning of the rules of preservation. According to the state, defendant's failure to object in the trial court to the erroneous judgment arguably was a "strategic choice" designed to achieve a more favorable outcome in this court.

■■ We begin with defendant's contention that the rules of preservation do not apply in the first place, because that contention is dispositive. As a general rule, an issue must have been presented to the trial court for that issue to be considered on appeal. ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991). There are, however, exceptions to that general rule. One such exception is for so-called plain error, that is, error that is apparent on the face of the record. ORAP 5.45(1); *State v. Barber*, 343 Or 525, 528, 173 P3d 827 (2007). Another such exception applies "when a party has no practical ability to raise an issue." *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008).

An example of a situation in which the second-listed exception occurs is a case in which the error arose when the court issued its order or judgment, and not earlier. *State v. DeCamp*, 158 Or App 238, 973 P2d 922 (1999), serves to illustrate. In that case, the trial court modified a criminal defendant's sentence without giving either party notice or an opportunity to be heard on the matter. *Id.* at 240. We held that, under those circumstances, the fact that the defendant had failed to preserve any objection to the modified sentence did not preclude us from addressing the challenge on appeal. *Id.* at 241. Interestingly, the state in that case advanced an argument quite similar to one that it offers in this case, *viz.*, that the defendant's failure to seek relief under ORS 138.083 should preclude him from seeking review from this court. *Id.* at 241 n 3. We rejected the argument, commenting that "we are unwilling to require a defendant under these circumstances to invoke an after-the-fact discretionary remedy of that kind as a way of preserving a challenge to the court's very authority to act." *Id.*; *accord McCarthy v. Oregon Freeze*

*Dry, Inc.*, 327 Or 84, 95 n 6, 957 P2d 1200, *adh'd to as modified on recons*, 327 Or 185, 957 P2d 1200 (1998) (rule requiring preservation does not preclude review by the Oregon Supreme Court if the issue first arose when the Court of Appeals issued its order).

■■■■■■■     In this case, defendant contends that he had no practical ability to object to the trial court's entry of an erroneous judgment before the court did so. The state does not suggest otherwise. Under the circumstances, it appears that the rules of preservation do not apply. As we have noted, the state concedes that "the judgment is clearly inconsistent with the record in this case," and we agree with that assessment. We therefore conclude that it is necessary to vacate the judgment and remand for entry of a corrected judgment.

Vacated and remanded for entry of corrected judgment; otherwise affirmed.