Submitted January 30, remanded for resentencing; otherwise affirmed
February 27, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN RAYMOND GRIFFIN,
*Defendant-Appellant.*

Marion County Circuit Court
10C42529; A147835

296 P3d 1288

Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

PER CURIAM

**PER CURIAM**

Defendant was convicted of one count of first-degree sexual abuse and, on January 19, 2011, the trial court imposed sentence and allowed the state 60 days "to submit the restitution figures." The court entered a judgment on January 24, 2011, that similarly stated, "60 days to provide restitution figures from CVC Dept. of Justice." On April 26, 2011—more than 90 days after the judgment was entered—the court, without holding a hearing, signed an amended judgment that ordered defendant to pay $640 in restitution. The amended judgment was entered the following week.

On appeal, defendant argues that the trial court erred in making a restitution determination more than 90 days after the original judgment without finding good cause to extend the 90-day statutory deadline.[1] *See* ORS 137.106(1)(b) (court may extend the 90-day time within which the restitution determination and supplemental judgment may be completed "for good cause"). We agree that the trial court was required to make a "good cause" determination before extending the statutory deadline for making a restitution award. Accordingly, we remand for the trial court to address the predicate question of good cause.

Remanded for resentencing; otherwise affirmed.

---

[1] Defendant did not raise the issue of the statutory deadline in the trial court, but, as the state concedes, preservation principles are inapplicable because defendant had no opportunity to object to the error. *See State v. Selmer*, 231 Or App 31, 34, 217 P3d 1092 (2009), *rev den*, 347 Or 608 (2010) (preservation principles do not apply when "the error arose when the court issued its order or judgment, and not earlier").