Submitted July 12; remanded for resentencing, otherwise affirmed
September 18, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS THOMAS JACKSON, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
17CR42780; A166925

450 P3d 580

James Lee Fun, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the briefs for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Landau, Senior Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Following a jury trial, defendant was convicted of assault in the fourth degree constituting domestic violence as a lesser-included offense (Count 1), ORS 163.160; unauthorized use of a motor vehicle (Count 3), ORS 164.135; and felon in possession of a firearm (Count 5), ORS 166.270. On Count 1, defendant was sentenced to five years of probation and ordered to comply with a number of conditions. In defendant's fifth through seventh assignments of error, defendant challenges probation conditions that appeared for the first time in the judgment, including conditions prohibiting him from: (1) consuming or possessing controlled substances or frequenting places where controlled substances are used; (2) possessing or consuming marijuana and participating in the "Oregon Medical Marijuana Program"; and (3) knowingly associating with any person who uses or possesses controlled substances illegally or frequenting places where such substances are kept or sold.[1] Defendant argues that those conditions are invalid because any special condition imposed relating to marijuana must be imposed in the same manner as probation conditions relating to prescription medication and that the rules of preservation do not apply.

The state concedes that the condition prohibiting defendant from participating in Oregon's medical marijuana program is invalid "at a minimum" under ORS 137.542(2). The state further concedes that the other conditions are invalid if defendant holds a medical marijuana registry card and that preservation is not required. We agree with the state that, if defendant holds a medical marijuana registry card pursuant to the Oregon Medical Marijuana Act (OMMA), the conditions are invalid and that preservation is not required because the conditions appeared for the first time in the judgment. *State v. Miller*, 299 Or App 515, 450

---

[1] In supplemental briefing, defendant raised additional assignments of error arguing that the trial court plainly erred in accepting nonunanimous verdicts and in instructing the jury that it could return nonunanimous verdicts. We reject those assignments of error on the merits. Further, we reject defendant's third and fourth assignments as moot. Lastly, we reject the remaining assignments of error without discussion.

P3d 578 (2019).[2] Accordingly, we remand to the trial court to determine whether defendant holds a medical marijuana registry card.

Remanded for resentencing; otherwise affirmed.

---

[2] We express no opinion on the state's concession that, regardless of defendant's OMMA status, the condition prohibiting defendant's participation in the medical marijuana program is invalid under ORS 137.542(2) because the issue can be addressed in the first instance on remand.