Argued and submitted January 8; vacated and remanded for entry of corrected judgment, otherwise affirmed March 10; petition for review denied July 8, 2021
(368 Or 347)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN M. BAUER,
*Defendant-Appellant.*

Malheur County Circuit Court
19VI78759; A172256

483 P3d 51

Lung S. Hung, Judge.

Jason E. Thompson argued the cause for appellant. Also on the brief was Thompson Law, LLC.

Dashiell L. Farewell, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Vacated and remanded for entry of corrected judgment; otherwise affirmed.

## PER CURIAM

Defendant appeals the judgment convicting him of violating the basic speed rule, ORS 811.100.[1] He argues that the court erred in entering a judgment that indicates he was convicted of violating the basic speed rule under ORS 811.100 and committing a Class A violation, because he was cited for violating the speed limit under ORS 811.111[2] for driving 85 miles per hour (mph) in a 70 mph zone, which is a Class B violation. Defendant points out that, from the bench, the trial court found him "in violation for going 85 in a 70 mile an hour zone," which was noted in the judgment, and that a person who violates ORS 811.111 for driving more than 10 mph but not more than 20 mph in excess of the speed limit, if the speed limit is 65 mph or over, commits a Class B violation, not a Class A violation. ORS 811.109 (2)(b). He also argues that the rules of preservation do not apply because the error appeared for the first time in the judgment.

The state concedes that the preservation rules do not apply and that the trial court erred in that regard.

We agree that defendant was not required to preserve his claim of error because the error appeared for the first time in the judgment. *See State v. Jackson*, 299 Or App 518, 519, 450 P3d 580 (2019) ("[P]reservation is not required because [the alleged error] appeared for the first time in the judgment."). Further, we agree that the trial court erred in entering the judgment indicating that defendant violated the basic speed rule under ORS 811.100 and committed a Class A violation, accept the state's concession, and vacate

---

[1] ORS 811.100(1) provides that a "person commits the offense of violating the basic speed rule if the person drives a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard" for a number of various driving conditions.

[2] ORS 811.111 provides, in relevant part:

"(3) A person commits the offense of violating a speed limit if the person drives a vehicle on the portion of State Highway 95 beginning at the Idaho state line and ending at the Nevada state line at a speed greater than:

"(a) Sixty-five miles per hour for vehicles described in subsection (1)(b) of this section; or

"(b) Seventy miles per hour for all other vehicles."

and remand for entry of a corrected judgment.[3] *See State v. Selmer*, 231 Or App 31, 35, 217 P3d 1092 (2009), *rev den*, 347 Or 608 (2010) (vacating and remanding for entry of corrected judgment after accepting the state's concession that "the judgment is clearly inconsistent with the record" (internal quotation marks omitted)).

Vacated and remanded for entry of corrected judgment; otherwise affirmed.

---

[3] We reject defendant's remaining assignment of error without written discussion.