72 June 4, 2025 No. 490

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL SHANNON SEVERE,
*Defendant-Appellant.*

Lane County Circuit Court
23CR04294; A182007

Bradley A. Cascagnette, Judge.

Submitted January 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

HELLMAN, J.

Supplemental judgment reversed and remanded; otherwise affirmed.

_____
   * Lagesen, Chief Judge *vice* Mooney, Senior Judge.

**HELLMAN, J.**

Defendant appeals a supplemental judgment that imposed restitution of $11,021.86 in connection with his conviction for recklessly endangering another person. His sole challenge on appeal is to the court's inclusion of the following provision at the bottom of that judgment, below the signature line:

"**Notice**: Pursuant to ORS 1.202, a fee of not less than $50 and no more than $200, shall be added to any judgment in which the court gives a party a period of time to pay the financial obligation imposed. An additional collection fee will be imposed on all cases referred to a collection agency. Both fees will be imposed without further notice from the court."

For the reasons explained below, we conclude that the provision that defendant challenges misstates the fee that shall be imposed for a payment plan under ORS 1.202 and that inclusion of that erroneous provision on the face of the judgment has a present effect on defendant's rights—specifically, his right to request a payment plan as a debtor. Although we disagree with defendant's argument that he needed to be present when that provision was added to the judgment, the substantive error in imposing it is one that defendant can raise for the first time on appeal. We therefore reverse and remand for entry of a supplemental judgment that does not misstate the fees for setting up a payment plan.

The provision that defendant challenges in this appeal concerns collection of fees on judgments under ORS 1.202. That statute provides, in relevant part:

"(1)  All circuit courts and appellate courts of this state, and all commissions, departments and divisions in the judicial branch of state government, shall add a fee of not more than $200 to any judgment that includes a monetary obligation that the court or judicial branch is charged with collecting. The fee shall cover the cost of establishing and administering an account for the debtor and shall be added without further notice to the debtor or further order of the court. The fee shall be added only if the court gives the defendant a period of time in which to pay the obligation after the financial obligation is imposed. Fees under this subsection shall be deposited in the General Fund.

"\* \* \* \* \*

"(4) The Chief Justice of the Supreme Court may authorize or direct circuit courts and appellate courts of this state, and all commissions, departments and divisions in the judicial branch of state government, to waive or suspend the fees required to be added to judgments under this section. Except to the extent authorized by the Chief Justice, a court may not waive or suspend the fees required to be added to judgments under this section."

The Chief Justice has, by order, directed the imposition and waiver of fees. Chief Justice Order (CJO) 21-043 provides, in relevant part:

"1. Each state court and judicial department entity must impose a $25 fee on all judgments subject to ORS 1.202(1) when a court imposes a payment plan or establishes a payment schedule at the debtor's request that will continue for more than 12 full months before the debtor's outstanding balance will be paid in full.

"2. Pursuant to ORS 1.202[(4)¹], I hereby authorize all state courts to waive or suspend the fee required by this order if the court determines at any time that waiver or suspension of the fee is appropriate based on the debtor's financial circumstances."

As the state correctly concedes, the provision that was added to the supplemental judgment in this case is inconsistent with CJO 21-043 and provides inaccurate notice of what fee "shall be added" if the court gives defendant a period of time to pay the restitution judgment. Whereas the judgment states that "a fee of not less than $50 and no more than $200" shall be added in that event, the CJO sets the fee at $25 and authorizes the court to waive it based on the debtor's financial circumstances.

Despite the inconsistency, the state contends that defendant's challenge is not justiciable because it is not ripe for review and that the appropriate time to resolve the issue "is when the trial court actually imposes the fees." The question, then, is whether the inaccuracy on the face

---

¹ The CJO refers to ORS 1.202(3), which was the authorizing provision at the time; it has since been renumbered as subsection (4) as a result of subsequent amendments to ORS 1.202.

of the judgment is one that we can and should correct in this appeal. We conclude that it is, because the controversy in this case "involves present facts as opposed to hypothetical future events." *Dept. of Human Services v. E. J.*, 316 Or App 537, 541, 504 P3d 1262 (2021), *rev dismissed*, 370 Or 740 (2023) (internal quotation marks and citations omitted). Here, the judgment describes the immediate consequence of defendant requesting a payment plan for his restitution award—that a fee no lower than $50 and as high as $200 "shall be added." The provision, which says that it is providing "notice" to defendant of that consequence, affects defendant's present ability to seek an avenue of repayment that the law otherwise makes available—a repayment plan with a $25 setup fee. We therefore reject the state's ripeness argument.[2]

As for the merits of defendant's challenge, we agree that the judgment is erroneous and should be reversed, but only for one of the two reasons that defendant posits: that the provision misstates the law. As noted at the outset, defendant also argues that the court erred by inserting the provision in the judgment without first announcing it in open court. We disagree that the failure to announce the provision in open court—had it been an accurate notice—would have itself been reversible error. The provision that

---

[2] In *State v. Ciraulo*, 301 Or App 849, 850, 459 P3d 960, *aff'd*, 367 Or 350, 478 P3d 502 (2020), we rejected an argument that the court violated ORS 1.202(1) and ORS 161.675(1) (concerning conditions of payment of monetary obligations by defendants) by including in the judgment a provision stating that "[t]he court may increase the total amount owed by adding collection fees and other assessments," that "[t]hese fees and assessments may be added without further notice to the defendant and without further court order," and that "[p]ayment of the fines, fees, assessments, and/or attorney's fees noted in this and any subsequent Money Award shall be scheduled by the clerk of the court pursuant to ORS 161.675." The defendant, however, made an additional argument: that, after the term was imposed, the clerk subsequently violated the law by adding collection fees post-judgment. *Id.* We declined to reach that latter contention, explaining that "to the extent that defendant has evidence that the clerk is violating the law post-judgment, an appropriate course may be for defendant to challenge the clerk's actions in the trial court, through a writ of mandamus, or otherwise." *Id.* at 850-51.

The state suggests that the same is true here: If the trial court or court clerk were to impose a fee that is inconsistent with CJO 21-043, the appropriate course is for defendant to challenge that action when it happens. This case, however, is different from *Ciraulo* in that the harm flows from a mistake in the judgment itself, and not merely from a later violation of law by the clerk.

the court inserted concerned an administrative notification regarding the effect of ORS 1.202; even if we were to agree with defendant that such a notice is somehow part of his "sentence,"[3] the court permissibly could have added an accurate statement regarding the effect of ORS 1.202 to the judgment without first announcing it in open court. *See State v. DeCamp*, 158 Or App 238, 242, 973 P2d 922 (1999) (explaining that the right to be present at sentencing "extends to sentence modification if the modification is 'substantive' as opposed to 'administrative'").

The problem is not that the notice was announced outside defendant's presence; the problem is that what the court added to the judgment was wrong. Because that incorrect provision appeared for the first time in the judgment, this is defendant's first opportunity to challenge it. *See State v. Baccaro*, 300 Or App 131, 134 n 2, 452 P3d 1022 (2019) ("Because the error of which defendant complains appeared for the first time in the written judgment, however, defendant is excused from the preservation requirement."). And, again, the state does not dispute that the provision is inconsistent with the applicable CJO. Its only defense of the provision on the merits is similar to its ripeness argument: that, even though it misstates the fee, it does not actually impose any incorrect fees. However, for the reasons expressed earlier, we disagree with that framing of the error. Defendant is entitled to a judgment that, on its face, accurately states the law and the consequences of a payment plan as a debtor. We therefore reverse and remand for entry of a supplemental judgment that does not misstate the law in that regard.

Supplemental judgment reversed and remanded; otherwise affirmed.

---

[3] As the state points out, ORS 1.202 applies to civil and criminal judgments alike, and the fee is deposited in the General Fund.