No. 114 February 19, 2026 273

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID ALFRED MARTINEZ,
*Defendant-Appellant.*

Washington County Circuit Court
22CR12560; A184771

Chris C. Colburn, Judge pro tempore.

Argued and submitted January 7, 2026.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Colm Moore, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Judgment reversed and remanded for entry of an amended judgment; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction, entered pursuant to a guilty plea, imposing a sentence of incarceration and restitution. He challenges a provision that appeared for the first time in the money award section of the judgment, which states: "The court may increase the total amount owed by adding collection fees and other assessments. These fees and assessments may be added without further notice to the defendant and without further court order." As we explain below, the parts of the provision that refer to "collection fees" and "fees" accurately state the law and may be added to defendant's judgment as an administrative modification. However, the parts of the provision that refer to "other assessments" and "assessments" do not accurately state the law concerning the amounts that may be added to defendant's debt and may not be added to the judgment as administrative modifications. Because the error does not require resentencing, we remand for entry of an amended judgment deleting the references to "and other assessments" in the first sentence and "and assessments" in the second sentence.

The facts underlying defendant's felony convictions are not relevant to this appeal, and the procedural facts are uncontested by the parties. Defendant argues that the trial court erred when it failed to announce that "other assessments" may be added to defendant's total debt, and he argues that, as a consequence, the case should be remanded to the trial court for resentencing so that it may be announced in his presence. *See State v. Barr*, 331 Or App 242, 244-45, 545 P3d 772, *rev den*, 372 Or 720 (2024) (remanding for resentencing when the court erroneously included additional fees in the judgment that it did not announce at sentencing). As we explain below, defendant's assignment of error poses the legal question of whether the challenged provision may be added to the judgment even though it was not announced in defendant's presence at sentencing; that requires us to determine whether the provision is an "administrative" or a "substantive" modification to defendant's judgment.

"A criminal defendant has a right to have their sentence announced in open court." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (internal

citations omitted). We have explained that a defendant's right to be present when sentenced on a felony "is both statutorily and constitutionally grounded." *State v. DeCamp*, 158 Or App 238, 242, 973 P2d 922 (1999). *See also DeAngelo v. Schiedler*, 306 Or 91, 94, 757 P2d 1355 (1988) (The Oregon Constitution secures a defendant's right to be heard at sentencing.). That right to be present "extends to sentence modification if the modification is 'substantive' as opposed to 'administrative.'" *DeCamp*, 158 Or App at 242. Conversely, a judgment may be amended to modify a sentence in the defendant's absence when the modification does not involve disputed facts or an exercise of discretion by the sentencing court—that is, it "occurs entirely by operation of law." *State v. Riley*, 195 Or App 377, 384, 97 P3d 1269 (2004), *rev den*, 340 Or 673 (2006). Those types of modifications are "administrative," rather than "substantive" in nature. *DeCamp*, 158 Or App at 242. And, because they do not involve any discretionary decisions that could be affected by defendant's presence, we have explained that a defendant is not prejudiced by "administrative" modifications to the judgment that were made in his absence. *Riley,* 195 Or App at 384; *State v. Kliment*, 45 Or App 511, 515, 608 P2d 618 (1980).

Given that legal framework, we turn to whether the specific provision at issue—that "collection fees and other assessments * * * may be added without further notice to the defendant and without further court order"—qualifies as an administrative rather than a substantive modification of defendant's judgment.

The state, relying on *State v. Severe*, 341 Or App 72, 572 P3d 329 (2025), argues that the challenged provision is an "administrative notification" that may be included in the judgment even though it was not announced in defendant's presence. The state contends that, just as in *Severe,* the provision at issue is authorized by ORS 1.202.[1]

---

[1] ORS 1.202 sets out collection fees that, under certain circumstances, must be included in a judgment:

"(1) All circuit courts and appellate courts of this state, and all commissions, departments and divisions in the judicial branch of state government, shall add a fee of not more than $200 to any judgment that includes a monetary obligation that the court or judicial branch is charged with collecting. The fee shall cover the cost of establishing and administering an account for the debtor and shall be added without further notice to the debtor or further

In *Severe*, the defendant challenged a provision in the judgment that set out the minimum and maximum collection fees ostensibly authorized by ORS 1.202. *Id.* at 74. We explained that a statement of the legal effect of ORS 1.202—a statute that sets out collection fees that the trial court is directed to include in a judgment and that it has no discretion to waive—would constitute an "administrative notification" rather than a substantive modification to defendant's judgment. *Id.* at 76-77 (citing *DeCamp,* 158 Or App at 242 (the right to be present at sentencing extends to "substantive" sentence modifications as opposed to "administrative" modifications)). Because administrative modifications may be added to a judgment outside defendant's presence, "the court permissibly could have added an accurate statement regarding the effect of ORS 1.202 to the judgment." *Id.* at 77. Ultimately, we concluded that the trial court erred, not because it had imposed the provision outside the defendant's presence, but because the provision incorrectly stated the law concerning the minimum collection fee. *Id.* at 77 ("Defendant is entitled to a judgment that, on its face, accurately states the law and the consequences of a payment plan as a debtor."). It therefore did not qualify as a permissible administrative modification to the judgment.

We are presented with a similar issue here. Defendant argues that because the challenged provision misstates the effect of ORS 1.202, the exception for a

---

order of the court. The fee shall be added only if the court gives the defendant a period of time in which to pay the obligation after the financial obligation is imposed. Fees under this subsection shall be deposited in the General Fund.

"(2) All circuit courts and appellate courts of this state, and all commissions, departments and divisions in the judicial branch of state government, that use private collection agencies, the Department of Revenue or an offset of federal tax refunds pursuant to an agreement entered into under ORS 1.196 shall add a fee to any judgment referred for collection that includes a monetary obligation that the state court or the commission, department or division is charged with collecting. A fee to cover the costs of collecting judgments referred to the private collection agency, the Department of Revenue, the United States Financial Management Service or the Internal Revenue Service shall be added to the monetary obligation without further notice to the debtor or further order of the court. The fee may not exceed the actual costs of collecting the judgment."

The remainder of the statute provides that collection fees may not be added to orders or judgments arising from the actions of a person under the age of 18 and allows the Chief Justice to authorize or direct the courts to waive or suspend collection fees. ORS 1.202(3) - (4).

permissible "administrative" modification to the judgment does not apply. We must therefore resolve whether the trial court exceeded its statutory authority in imposing that provision, an issue we review for legal error. *State v. Machado*, 278 Or App 164, 165, 373 P3d 1224 (2016). That, in turn, requires us to determine whether the language in the judgment accurately states the effect of ORS 1.202.

Defendant acknowledges, and we agree, that the portion of the challenged language permitting the imposition of "collection fees" without additional notice accurately explains the effect of ORS 1.202(1) and (2). In subsection (1), the statute requires that the court "shall add a fee of not more than $200 to any judgment that includes a monetary obligation that the court or judicial branch is charged with collecting" to "cover the cost of establishing and administrating an account for the debtor and shall be added without further notice to the debtor or further order of the court." ORS 1.202(1). If the court "use[s] private collection agencies" or other specified government agencies to collect a monetary obligation, subsection (2) requires that the court "shall add *** [a] fee to cover the costs of collecting judgments *** to the monetary obligation without further notice to the debtor or further order of the court." ORS 1.202(2). In sum, the statute sets out two different kinds of collection fees, one of which may permissibly be added to a monetary obligation that is set out in a judgment without notice to defendant or additional court order. Subject to exceptions not relevant here, "a court may not waive or suspend the fees required to be added to judgments under [the statute]." ORS 1.202(4).

That information—alerting defendant that the court "may increase the total amount owed by adding collection fees," and those "fees *** may be added without further notice to the defendant and without further court order"— may properly be included in the judgment because it is an accurate statement of what is authorized by statute.[2] The

---

[2] That notice function might be better served if such administrative notifications explicitly state the legal authority upon which they rely, as in *Severe*, where the challenged provision explicitly stated that the fees would be imposed "pursuant to ORS 1.202." 341 Or App at 74 (reversing for entry of amended judgment because that provision did not correctly state the minimum fee as set by a Chief Justice Order as authorized by ORS 1.202(4)).

issue before us, then, reduces to whether the language in the challenged provision stating that "other assessments" may *also* be added to defendant's monetary obligation without further notice or order of the court accurately states the law. *See Severe*, 341 Or App at 77 ("The problem is not that the notice [of additional fees] was announced outside defendant's presence; the problem is that what the court added to the judgment was wrong.").

The state argues only that ORS 1.202(1), "in context," authorizes the additional assessments. We are not persuaded that subsection (1), either alone or in the context of the statute as a whole, authorizes any "other assessments" to be imposed beyond the collection fees that are explicitly described therein. The text of subsection (1) authorizes one of the "collection fees" referenced in the judgment: a fee not to exceed $200 to cover the cost of establishing and administrating an account. It does not contain any reference to an "assessment" that may be owed exceeding that $200 fee. And the state has not otherwise identified authority directing the trial court to include such "assessments" in the judgment, nor any other authority that would bring the provision within the scope of an "administrative notification" as described in *Severe*. We conclude that the language in the judgment stating that the total amount defendant owes may be increased by adding "other assessments" and that those "assessments" may be added without notice to defendant or court order is not authorized by ORS 1.202(1).

We turn to the issue of disposition. Defendant's position is that the erroneous imposition of a fee in his absence requires resentencing. *E.g.*, *Barr*, 331 Or App at 245 (remanding for resentencing when imposition of fees was not announced at sentencing); *see Priester*, 325 Or App 581 (a trial court commits reversible error if it does not announce a sentencing term in open court, "and the result is usually a resentencing"). And, at oral argument, the state agreed that if we concluded that the provision allowing "other assessments" was not authorized by ORS 1.202(1), we should remand the case for resentencing. Those positions seem to be predicated on the notion that a resentencing hearing would give the parties an opportunity to argue whether the

"other assessments" provision is legally justified before the trial court. But that is the same legal issue that the parties briefed in this appeal: we see no reason to reprise it before the trial court, and the parties have not identified any other reason why resentencing would be required.

In light of our conclusion that the trial court had no authority to enter a provision in the judgment that misstates the law, there are no sentencing options the trial court could permissibly adopt regarding that error. *See State v. Edson,* 329 Or 127, 139, 985 P2d 1253 (1999) (resentencing is required where there are "options that the trial court permissibly could adopt on resentencing"); *see* ORS 138.257 (4)(a)(B) (a remand for resentencing is required when the "trial court, in imposing or failing to impose a sentence in the case, committed an error that requires resentencing"). When, as here, "the only error was the inclusion of terms in the judgment[] that the trial court had no authority to impose, the appropriate remedy is to remand with instructions to delete the erroneous terms from the judgment[]." *State v. Rubio/Galligan*, 248 Or App 130, 140, 273 P3d 238, *rev den*, 352 Or 107 (2012); *see also Severe*, 341 Or App at 77 (remanding for entry of a supplemental judgment that does not misstate the law concerning minimum fees).

We therefore reverse the portion of the judgment related to adding assessments to the total amount owed by defendant and remand to the trial court for entry of a judgment deleting the terms "and other assessments" and "and assessments" from the judgment.

Judgment reversed and remanded for entry of an amended judgment; otherwise affirmed.