No. 143 February 25, 2026 421

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH MICHAEL DEBRUYNE,
*Defendant-Appellant.*

Multnomah County Circuit Court
21CR46040; A185609

Cheryl A. Albrecht, Judge.

Submitted January 9, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reversed and remanded for entry of judgment deleting provision requiring payment of per diem fees; otherwise affirmed.

**LAGESEN, C. J.**

Defendant pleaded guilty to felon in possession of a firearm, a felony (Count 1) and giving false information to a police officer, a misdemeanor (Count 3).[1] Pursuant to a plea agreement, he was sentenced to a presumptive sentence of 12 months' imprisonment on Count 1 and a concurrent 270-day sentence on Count 3. On appeal, defendant challenges a provision that appeared for the first time in the judgment ordering him to "pay any required per diem fees" on Count 3, and we accept the state's concession of error. As to the disposition, because the trial court orally announced at sentencing that it would waive all fees and fines, we do not remand for resentencing but rather reverse the provision requiring defendant to pay per diem fees and remand for its deletion.[2]

The requirement that a sentence must be pronounced in defendant's presence is rooted in the defendant's constitutional right to be present and to be heard at sentencing; that right extends to any substantive modification of an orally pronounced sentence. *E.g. State v. DeCamp*, 158 Or App 238, 242, 973 P2d 922 (1999). Including unannounced fees in a judgment constitutes a substantive modification of a sentence and it is therefore reversible error to include such fees in a judgment. *See State v. Barr*, 331 Or App 242, 244-45, 545 P3d 772 (2024) (reversible error to include per diem fees in judgment when those fees were not addressed at the sentencing hearing); *State v. Schay-Vivero*, 333 Or App 168, 170-71, 552 P3d 150 (2024) (same).

Defendant notes that in such cases, our usual practice is to remand the case to the trial court for resentencing, but he does not argue that resentencing is required here. *E.g. Barr*, 331 Or App at 246; *Schay-Vivero*, 333 Or App at 171. As the state points out, however, when trial court has stated on the record that it would waive fees, we have simply reversed the order to pay fees and otherwise affirmed the

---

[1] There are inconsistencies in the record below regarding whether defendant's last name is spelled with or without the final "e." Defendant indicated on the record that his last name was spelled "Debruyn," which is consistent with the spelling in the indictment, plea petition, judgment, and his *pro se* motion to dismiss.

[2] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

judgment. *State v. Sankey*, 289 Or App 846, 847, 409 P3d 73 (2018) (reversing portions of judgment requiring the defendant to pay conviction fee and bench probation fee without remanding for resentencing when the trial court declared at sentencing that it would waive all fees).

We conclude that, when the trial court has stated at sentencing that defendant will not be obligated to pay a fee or a fine, it is reversible error to include that fee or fine in the judgment, but resentencing is not necessary. *Compare Sankey*, 289 Or App at 847 (resentencing not required when record reflects trial court's decision to waive fees), *with State v. Tison*, 292 Or App 369, 374-75, 424 P3d 823, *rev den*, 363 Or 744 (2018) (remand for resentencing necessary because there was no record of trial court's intention regarding discretionary waiver of $255 fee). That error does not require resentencing because, in light of the court's order, there are no permissible sentencing options that the court may adopt relative to that error. *See* ORS 138.257(4)(a)(B) (remand for resentencing is required when the "trial court, in imposing or failing to impose a sentence in the case, committed an error that requires resentencing"); *State v. Edson,* 329 Or 127, 139, 985 P2d 1253 (1999) (resentencing is required where there are "options that the trial court could permissibly adopt" on resentencing). *See State v. Martinez*, 347 Or App 273, 280, ___ P3d ____ (2026) (reversing provision imposing "other assessments" for the first time in the judgment without remanding for resentencing where trial court lacked statutory authority to impose assessments).

Here, the trial court explicitly ordered "[w]aiver of any fines and fees" when it announced defendant's sentence, and it confirmed that waiver following an inquiry by defense counsel. The provision ordering payment of per diem fees was included in defendant's judgment contrary to the trial court's order. In other words, the inclusion of a provision was, on this record, simply a mistake given the court's on-the-record order, and the judgment simply needs to be corrected to conform to what the court ordered. We therefore reverse the portion of the judgment relating to payment of per diem fees and remand to the trial court for entry of a judgment deleting "and the Defendant shall pay any required per

diem fees" from the judgment. *See State v. Avendano*, 346 Or App 16, 20, ___ P3d ___ (2025) (agreeing with the parties that it was proper to simply reverse the part of the judgment imposing per-diem fee "because the trial court expressly stated at sentencing that it was waiving any fines or fees associated with the convictions" (internal quotation marks omitted)).

Reversed and remanded for entry of judgment deleting provision requiring payment of per diem fees; otherwise affirmed.