No. 317 April 22, 2026 645

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ELIJAH THOMAS CUNNINGHAM,
aka Elijah Cunningham,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR60716, 23CR33539, 24CR19100;
A184727 (Control), A184728, A184729

Todd L. Van Rysselberghe, Judge.

Argued and submitted January 7, 2026.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Kyleigh Gray, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

In Case No. 21CR60716, portion of judgment imposing per diem fees, "other assessments," and attorney fees reversed; remanded for resentencing; otherwise affirmed. In Case No. 23CR33539, affirmed. In Case No. 24CR19100, affirmed.

**HELLMAN, J.**

In this appeal from three consolidated cases, defendant appeals judgments of conviction (Case Nos. 21CR60716 and 24CR19100) and a probation revocation judgment (Case No. 23CR33539). He raises four assignments of error that relate solely to his convictions and sentence in Case No. 21CR60716. For the following reasons, in that case, we affirm defendant's convictions, vacate the award of attorney fees, and remand for resentencing.

*Constitutionally Insufficient Evidence:* In his first assignment of error, defendant argues that the state presented constitutionally insufficient evidence to support his conviction for unlawful possession of methamphetamine. The methamphetamine in question was found in a closed zippered pouch in the space between the driver's seat and the base of the driver-side door in the car that defendant had been driving. In his closing argument, defendant argued that the state had failed to prove each element of the crime beyond a reasonable doubt; specifically, that the evidence did not permit an inference that defendant knowingly possessed the methamphetamine found in the pouch.

We view the evidence in the light most favorable to the state to determine whether the state presented "sufficient evidence from which a rational trier of fact, making reasonable inferences could find the essential elements of the crime beyond a reasonable doubt." *State v. Hedgpeth*, 365 Or 724, 730, 452 P3d 948 (2019) (internal citations and quotation marks omitted).

A person commits the crime of unlawful possession of methamphetamine if the person "knowingly or intentionally" possesses methamphetamine. ORS 475.894. Possession can be actual or constructive. *State v. Sanchez-Anderson*, 300 Or App 767, 774, 455 P3d 531 (2019). Constructive possession can be inferred from the fact that contraband was "found in quarters owned or occupied by a defendant." *State v. Evans*, 161 Or App 86, 89, 983 P2d 1055 (1999). However, a defendant's "mere presence in the proximity of a controlled substance is not a sufficient basis from which to draw an

inference of constructive possession." *State v. Fry*, 191 Or App 90, 93, 80 P3d 506 (2003).

Defendant takes the position that the only evidence of constructive possession was that methamphetamine was found in a zippered pouch in between the driver's seat and the door of the vehicle that he had been driving. He argues that under *State v. Kulick*, 314 Or App 680, 497 P3d 789 (2021), that evidence was constitutionally insufficient to support his conviction. But unlike *Kulick*, there was other evidence here that the trial court could have relied on to find knowing possession; specifically, after fleeing the scene, defendant returned to the vehicle and attempted to retrieve something from the driver's side of the vehicle, defendant was found with a backpack that contained a check with his name on it, drug paraphernalia, and a substance that the officers identified as methamphetamine, and defendant admitted that he was a methamphetamine user and needed a medical check because he had possibly ingested a controlled substance. We disagree with defendant's assertion that the trial court would have had to rely on impermissible speculation from those facts to find defendant guilty. Instead, we conclude that the trial court could have reasonably inferred from those facts that defendant constructively possessed the methamphetamine that was found in the car. Accordingly, there was constitutionally sufficient evidence to support defendant's conviction.

*Per Diem Fees:* In his second assignment of error, defendant argues that the trial court erred in imposing per diem fees on Counts 2 to 11 because it did not first announce those fees in open court. The state concedes error, and we agree and accept the concession. "A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (citations omitted). Here, the per diem fees were not announced in open court prior to being included in the written judgment. Accordingly, the trial court erred in including them in the judgment, and we reverse that portion and remand for resentencing.

*"Collection Fees and Other Assessments"*: In his third assignment of error, defendant argues that the trial court erred when, without announcing the provision in open court, the trial court included a provision in the written judgment that stated: "The court may increase the total amount owed by adding collection fees and other assessments. These fees and assessments may be added without further notice to the defendant and without further court order."

In *State v. Martinez*, 347 Or App 273, 276-79, __ P3d __ (2026), we held that the trial court erred when it included an identical provision in the defendant's judgment. We explained that, while a criminal defendant has a right to have their sentence announced in open court, a judgment may be modified in a defendant's absence when the modification is "administrative"; that is, it occurs entirely by operation of law and does not involve disputed facts or the exercise of discretion by the sentencing court. *Id.* at 276-78. We concluded that the challenged provision of "other assessments" did not accurately state the law concerning the amounts that may be added to a defendant's debt, because ORS 1.202(1) "either alone or in [] context" did not authorize "other assessments." *Id.* at 279. Consequently, the portion of the provision inaccurately stating that "other assessments" may be added to defendant's debt did not qualify as an administrative modification that may be included for the first time in the judgment.

In this case, the state argues that ORS 1.202(1) and ORS 1.202(2) considered together authorize the imposition of "other assessments." We disagree with the state's argument. In *Martinez*, we did not explicitly address the effect of ORS 1.202(2); however, we held that the statute, as a whole, did not authorize the addition of "other assessments" as an administrative notification. *Id.* For clarity, we now explicitly hold that ORS 1.202(2) does not provide any legal basis to impose "other assessments" as an administrative notice for the first time in the judgment.

In sum, administrative notifications may only be added to a judgment outside of a defendant's presence when they accurately state the law. *Id.* at 277-79; *State v. Severe*, 341 Or App 72, 77, 572 P3d 329 (2025) ("The problem is not

that the notice [of additional fees] was announced outside of defendant's presence; the problem is that what the court added to the judgment was wrong."). Like ORS 1.202(1), ORS 1.202(2) refers only to imposition of "a fee \*\*\* for collection" and contains no reference to "other assessments." Thus, neither ORS 1.202(1) nor ORS 1.202(2), together or independently, provide any legal authority to add "other assessments" to a judgment. Accordingly, we reverse the portion of the judgment related to adding assessments to the total amount owed by defendant. The judgment after resentencing should not include the terms "and other assessments" and "and assessments" in the provision regarding collection fees.

*Attorney Fees:* In his fourth assignment of error, defendant argues that the trial court plainly erred when it imposed attorney fees without making the required findings that defendant had the ability to pay. The state concedes plain error, and we agree and accept the concession. A trial court must make a record of a defendant's ability to pay before it can impose attorney fees and failure to do so is a plain error. *State v. Coverstone*, 260 Or App 714, 715-16, 320 P3d 670 (2014). The court did not do so here. We further exercise our discretion to correct the plain error for reasons similar to those in *State v. Runnels*, 283 Or App 512, 517, 390 P3d 1120, *rev den*, 361 Or 525 (2017), because the error is grave (an award of $1,270 for an indigent person) and the record contains no indication that the trial court could have made the necessary findings, given what the record does reveal about defendant and his personal circumstances. We thus reverse the award of attorney fees in this case and remand for resentencing.

In Case No. 21CR60716, portion of judgment imposing per diem fees, "other assessments," and attorney fees reversed; remanded for resentencing; otherwise affirmed. In Case No. 23CR33539, affirmed. In Case No. 24CR19100, affirmed.