No. 443 May 20, 2026 767

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KATRINA LOUISE MATTHEWS,
*Defendant-Appellant.*

Crook County Circuit Court
22CR42506, 24CR62791; A186824 (Control), A186825

Annette C. Hillman, Judge.

Submitted April 23, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Probation judgment in Case Number 22CR42506 reversed and remanded for entry of an amended probation judgment; otherwise affirmed.

**TOOKEY, P. J.**

In this consolidated criminal appeal, in a single assignment of error, defendant argues that the trial court erred when it ordered in the probation judgment that defendant may be required to pay "other assessments." For the reasons explained below, we reverse and remand for entry of an amended probation judgment deleting the two references to other assessments.

Defendant argues that the trial court erred when, in the "Money Award" section of the probation judgment, the court stated: "The court may increase the total amount owed by adding collection fees *and other assessments*. These fees *and assessments* may be added without further notice to the defendant and without further court order." (Emphasis added.)

We recently addressed identical language in *State v. Martinez*, 347 Or App 273, ___ P3d ___ (2026). In *Martinez*, we determined that "collection fees" are authorized under ORS 1.202 and could be included in the judgment. *Id.* at 278. However, we concluded that ORS 1.202 does not authorize the total amount a defendant owes to be increased by the addition of "other assessments" without notice to the defendant or a court order. *Id.* at 279. In *Martinez*, we reversed and remanded for entry of an amended judgment deleting the references to other "assessments." *Id.* at 280. The same analysis and disposition are appropriate here because the language in the probation judgment is identical. More specifically, we reverse the probation judgment and remand for entry of an amended probation judgment deleting the terms "and other assessments" and "and assessments" from the "Money Award" section of the probation judgment.

Probation judgment in Case Number 22CR42506 reversed and remanded for entry of an amended probation judgment; otherwise affirmed.