No. 438 May 20, 2026 743

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JACKSON RYDER HORNBECK,
aka J. Ryder Hornbeck, aka Jackson Rider Hornbeck,
*Defendant-Appellant.*

Deschutes County Circuit Court
23CR05556; A184604

Beth M. Bagley, Judge.

Submitted April 23, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Kasey Anne Hooker, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Remanded for entry of a corrected or amended judgment; otherwise affirmed.

**TOOKEY, P. J.**

In this criminal case, defendant appeals his conviction for driving under the influence of intoxicants. On appeal, defendant raises two assignments of error. First, he argues that the trial court erred in admitting a witness's in-court identification of defendant. Second, he argues that the trial court erred by including an intoxicant conviction fee in the judgment because it was waived at sentencing. We affirm defendant's conviction but remand for entry of a corrected or amended judgment that does not include the intoxicant conviction fee.

*Eyewitness Identification Evidence.* Defendant argues that the trial court erred in admitting a police officer's in-court identification of defendant as the person he saw driving. In *State v. Lawson/James*, 352 Or 724, 761-62, 291 P3d 673 (2012), the Supreme Court established a framework for determining the admissibility of eyewitness identification evidence, which includes considering whether the witness had personal knowledge, whether the identification was rationally based on that knowledge and would be helpful to the jury, and whether the probative value of the identification evidence is substantially outweighed by the danger of unfair prejudice. The state argues that it is "at best, unclear whether the *Lawson/James* analysis even applies to identification of defendants by law enforcement."

Assuming without deciding that the *Lawson/James* analysis applies, we conclude that the trial court did not err in allowing a police officer to identify defendant as the driver of the vehicle because the officer had activated the lights on his car, he observed defendant driving the suspect vehicle twice, and about two minutes after seeing defendant drive the vehicle, the officer observed a person with the same physical characteristics walking in the area. In addition, after arresting defendant, the officer then spent several hours with defendant, and the suspect vehicle was registered in defendant's name. Having reviewed the record and the parties' arguments, we conclude that the trial court did not err in allowing the police officer's in-court identification of defendant as the person he saw driving the vehicle. We affirm on the first assignment of error.

*Intoxicant Conviction Fee.* In his second assignment of error, defendant argues that the trial court erred when it entered a judgment that included, but suspended, the $255 intoxicant conviction fee because the trial court stated during sentencing that the fee was waived. The state concedes the error, which we accept as well taken. *See State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) ("The trial court erred by including a previously unannounced term in the sentencing judgment.") Because the court stated it was waiving the fee, the appropriate disposition is a remand for entry of a corrected or amended judgment that does not include the fee. *See State v. Debruyne*, 347 Or App 421, 423-24, ___ P3d ___ (2026) (holding that, when the trial court waives fees and they are included in the judgment, then resentencing is not necessary, and we can remand for entry of a corrected judgment that deletes the requirement to pay the fee).

Remanded for entry of a corrected or amended judgment; otherwise affirmed.