736 May 20, 2026 No. 436

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAWIT GIRMAI,
aka Dawit Grimai,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR52724; A184395

Steffan Alexander, Judge.

Submitted April 23, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Judgment reversed and remanded for entry of an amended judgment; otherwise affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for first-degree burglary and second-degree criminal mischief. On appeal, he argues that the trial court erred in including a requirement to pay per diem fees in the judgment, and he also challenges references in the judgment to other "assessments." For the reasons explained below, we reverse and remand for entry of an amended judgment deleting the requirement to pay per diem fees under Count 7 and deleting the two references to other "assessments" in the "Money Award" section of the judgment.

*Per Diem Fees.* In his first assignment of error, defendant argues that the trial court erred when it included in the judgment that defendant "shall pay any required per diem fees" under Count 7. That term appeared for the first time in the judgment, and it was not announced at the sentencing hearing.

"A criminal defendant has the right to have their sentence announced in open court." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023). It was therefore error to include the per-diem-fees term in the judgment without announcing it at sentencing, as the state correctly concedes. *See, e.g.*, *State v. Hostman*, 343 Or App 506, 513, 579 P3d 253 (2025) (holding that it was error to include previously unannounced per-diem-fees provision in judgment); *State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024) ("The trial court erred by including a previously unannounced term in the sentencing judgment.")

As for the disposition, the remedy for unannounced terms is "usually a resentencing." *Id.* However, "when the trial court has stated at sentencing that defendant will not be obligated to pay a fee or a fine, it is reversible error to include that fee or fine in the judgment, but resentencing is not necessary." *State v. Debruyne*, 347 Or App 421, 423, ___ P3d ___ (2026). Instead, "the judgment simply needs to be corrected to conform to what the court ordered." *Id.* Here, at the sentencing hearing, the trial court stated that it waived "any fines and fees that are applicable." As a result,

a remand for resentencing is unnecessary, and, under the first assignment of error, we reverse and remand for entry of an amended judgment deleting the requirement to pay per diem fees.

*Other Assessments.* In his second assignment of error, defendant argues that the trial court erred when, in the "Money Award" section of the judgment, the court stated: "The court may increase the total amount owed by adding collection fees *and other assessments*. These fees *and assessments* may be added without further notice to the defendant and without further court order." (Emphasis added.)

We recently addressed identical language in *State v. Martinez*, 347 Or App 273, ___ P3d ___ (2026). In *Martinez*, we determined that "collection fees" are authorized under ORS 1.202 and could be included in the judgment. *Id.* at 278. However, we concluded that ORS 1.202 does not authorize the total amount a defendant owes to be increased by the addition of "other assessments" without notice to the defendant or a court order. *Id.* at 279. In *Martinez*, we reversed and remanded for entry of an amended judgment deleting the references to other "assessments." *Id.* at 280. The same analysis and disposition are appropriate here because the language in the judgment is identical. More specifically, under the second assignment of error, we reverse the judgment and remand for entry of an amended judgment deleting the terms "and other assessments" and "and assessments" from the "Money Award" section of the judgment.

Judgment reversed and remanded for entry of an amended judgment; otherwise affirmed.